DEAN C. AND EHRENTRAUD ALLEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen v. Commissioner
Docket Nos. 39084-85, 11341-86.
United States Tax Court
T.C. Memo 1987-242; 1987 Tax Ct. Memo LEXIS 238; 53 T.C.M. (CCH) 814; T.C.M. (RIA) 87242; May 11, 1987. Charles F. Murray, for the petitioners. Marikay Lee-Martinez, for the respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: The proceedings in these cases were conducted pursuant to section 7456(d) (redesignated as section 7443A(b) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. [1]
In these consolidated cases, respondent determined deficiencies in each of petitioner's Federal income taxes and additions to taxes as follows: Additions to Tax Under Sections
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654(a)
6661(a)
Docket No. 39084-85
Dean C. Allen
1982
$4,978.00
$292.00
$248.90
*
$22.00
Ehrentraud Allen
1982
$4,978.00
$291.75
$248.90
*
$22.00
Docket No. 11341-86
Dean C. Allen
1983
$5,757.00
$1,072.75
$287.85 **
$240.00
$575.70
Ehrentraud Allen
1983
$5,757.00
$1,072.75
$287.85 **
$240.00
$575.70
*240 After concessions, the issues for decision are whether petitioners are liable for deficiencies and additions to tax and whether damages should be awarded to the United States under section 6673. For ease of understanding, we have combined our findings of fact and opinion. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits thereto are incorporated by this reference. Petitioners were married and resided in Sun City, Arizona, when their petitions were filed and at all relevant times. During 1982 and 1983, petitioner Dean Allen (petitioner) worked for Honeywell Information Systems (Honeywell) and received wages in the amounts of $33,267.21 and $35,869.13, respectively. Petitioner was a member of the United States Army (Army) for 22 years and retired in 1969. During 1982 and 1983, petitioner received a pension from the Army in the amounts of $9,666.82 and $10,039.98, respectively. In addition, petitioner received interest and dividends from various sources in 1982 *241 and 1983 in the total amounts of $1,046.86 and $4,057.03, respectively. [2] Thus, petitioner received from Honeywell, the Army and the other sources totals of $43,980.89 and $49,966.14, in 1982 and 1983, respectively. Petitioners did not file Federal income tax returns for 1982 and 1983. [3] Respondent issued individual notices of deficiency for 1982 and 1983 to each of the petitioners. Respondent determined that petitioner had unreported income for these years from Honeywell, the Army, and the other sources in the amounts of $43,980.00 and $50,731.00, respectively, and allocated one-half of these amounts to each petitioner in accordance with Arizona's community property law. [4]
*242 After presentation of the evidence at trial, petitioner conceded that he had received the specific amounts set forth in our findings from Honeywell, the Army, and the other sources. Since petitioner received $10,039.98 from the Army instead of the $10,806.00 shown in his notice of deficiency for 1983, respondent conceded that there should be a $766.02 reduction for that year. Respondent also conceded approximately a one dollar adjustment in his favor in each year, so that the totals remaining in issue are $43,980.00 and $49,964.98 in 1982 and 1983, respectively. Aside from the reduction in the amount received from the Army, petitioners offered no evidence to meet their burden of showing that respondent's determinations were incorrect. Instead, petitioners made numerous tax protester type arguments, such as no returns were required because petitioners were not taxpayers, that there is no requirement for natural persons or private individuals to pay a tax upon earnings, and that there was a net loss from petitioners' exchange of labor for other property in the form of money or compensation. These frivolous and often meaningless tax protester arguments have been repeatedly rejected *243 by the Ninth Circuit, to which an appeal would lie, this Court, and other courts. E.g., ; ; . We see no need to repeat those discussions here. We find that the amounts petitioner received from Honeywell, the Army, and the other sources were income subject to tax. Section 61. Petitioners were married to each other and resided in the State of Arizona throughout the years in question. It has long been held, as between husband and wife, that a state's community property law determines the ownership of income for income tax purposes. . Under Arizona law, the earnings of either spouse during marriage are community property. Ariz.Rev. Stat. Ann. sec. 25-211 (1976). Each spouse is thus taxable on one-half of the community earnings. ;
Petitioners contend that respondent's attribution of one-half *244 of Mr. Allen's earnings to Mrs. Allen during the years in issue is a denial of equal protection of the laws because the result would be different if petitioners resided in a state without community property laws. Petitioners' argument is erroneous. Every individual is taxed on income in which he or she has a vested property or ownership interest, whether in a community property state or not. See ;
Petitioners claimed at trial that they were entitled to deduct $2,250.00 for contributions made to an individual retirement account in 1982. The Court gave petitioners 30 days from the date of trial to produce adequate documentation to substantiate their claim. Petitioners failed to provide the Court with any documentation. We find that no such contribution was made in 1982. Petitioners have not shown any reasonable cause for their failure to file Federal income tax returns or any excuse for underpayment of their tax liabilities. The additions to tax for failure to file returns, section 6651(a), and for negligence or intentional disregard of rules and regulations, section 6653(a)(1) *245 and (2), are appropriate and must be sustained. . The additions to tax under section 6654(a) for underpayments of estimated tax for the years at issue are mandatory where, as here, petitioners have failed to show that some exception applies. . Respondent determined that section 6661(a) is applicable with respect to each petitioner for 1983 under the facts of this case. Section 6661(a) provided that in the event of a substantial understatement of income tax for any taxable year, there should be added to the tax an amount equal to 10 percent of any underpayment attributable to such understatements. [5] Section 6661(a) states that a "substantial understatement" exists if the amount of the understatement of income tax for the year exceeds the greater of (1) 10 percent of the tax required to be shown on the return, or (2) $5,000. Even after taking into account the reduced deficiencies due to respondent's concessions, the deficiency for each petitioner for 1983 exceeds $5,000. It is clear on the facts of this case that each petitioner had a substantial understatement *246 of income tax for 1983 and we therefore sustain the section 6661(a) additions to tax determined by respondent. At trial, the Court advised petitioners that section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. [6]
On this record, we conclude that the proceedings herein were instituted and maintained primarily for delay. Accordingly, *247 we award the United States damages of $2,500.00 in each docket. See . Decision will be entered for respondent in docket No. 39084-85.
Decision will be entered under Rule 155 in docket No. 11341-86.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect in the years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on a $1,168.00 underpayment of tax due to negligence. ** 50% of the interest due on a $4,291.00 underpayment of tax due to negligence.↩
2. The names of both petitioners are shown on some of the accounts.↩
3. Prior to September 28, 1983, petitioner Dean C. Allen (petitioner) forwarded to the Internal Revenue Service an unsigned Form 1040 for 1982 on which he showed interest income of $1,046.00, reported a $2,612.54 "business * * * loss" and claimed a refund of all Federal income and FICA tax withheld. Petitioner calculated the $2,612.54 business loss as follows: Gross receipts (total consider-
ation and wages received from
employers in 1982)
$42,934.03 Minus: Cost of labor
(42,934.03)
Purchases
( 1,115.00)
Other deductions
( 1,497.54)
Net loss
( 2,612.54)
Petitioner's apparent theory in calculating the loss was that he was entitled to reduce receipts generated by his labor by a basis equal to the fair market value of the labor. Petitioner explicitly stated on this Form 1040 that it was "(NOT A TAX RETURN)" and was "FOR INFORMATION ONLY." Nor does petitioner claim that a Form 1040X for 1982, dated January 5, 1984, which he forwarded to the Internal Revenue Service, is a return for that year. ↩
4. We have disregarded the allocation of the odd dollar in 1983 to petitioner Ehrentraud Allen since this had no impact on the deficiencies determined by respondent.↩
5. Since respondent did not move to amend his answers pursuant to section 6214 to claim increased additions to tax under section 6661(a), we need not consider the amendments made in 1986 to section 6661(a).↩
6. Since these proceedings were not proceedings commenced after October 22, 1986, the 1986 amendment to section 6673 is not relevant in these consolidated cases.↩