T.C. Memo. 1996-4


UNITED STATES TAX COURT


BRENDA J. GAMMON, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15553-95.                    Filed January 11, 1996.


Brenda J. Gammon, pro se.

Stuart Spielman and Michael R. McMahon, for respondent.


MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of

This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, and the Amendment thereto, filed pursuant to Rule 40.

Petitioner resided in Lacey, Washington, at the time the petition was filed in this case.

Respondent's Notice of Deficiency

Respondent issued a notice of deficiency to petitioner dated May 15, 1995. In said notice, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1992 in the amount of $1,204 and an addition to tax under section 6651(a)(1) for failure to timely file in the amount of $291.50.[2]

The deficiency in income tax is based on respondent's determination that petitioner failed to report wage and allocated tip income from various payors as reflected in the following schedule:

| Income | Payor | Amount |
|--------|-------|--------|
| Wages | Manpower Int'l Inc. | $75 |
| Wages | South Sound Red Robin Inc. | 53 |
| Wages | Kokua, Inc. | 1,386 |
| Wages | Shari's Management Corp. | 87 |
| Wages | Hawks Prairie Inn Corp. | 2,774 |
| Tips | "                    " | 1,125 |
| Wages | Evergreen Ballroom Restaurant | 106 |
| Wages | TNT, Inc. | 4,662 |

Practice and Procedure.

[2] By Order dated Nov. 28, 1995, such part of this case that related to a redetermination of FICA taxes, any addition to tax or penalty with respect thereto, statutory interest, and withholding tax credits was dismissed for lack of jurisdiction and stricken from the petition.

| Tips | " | " | 3,556 |
| Wages | Denny's Restaurants | | 58 |
| Tips | " | " | 49 |

The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner's failure to timely file an income tax return for the taxable year in issue was not due to reasonable cause.

Petitioner's Petition

Petitioner filed her petition on August 14, 1995.  The crux of petitioner's position is that wages are not income, apparently because of the provisions of section 83 and the notion that a person's labor is property in which the person has a basis equal to its fair market value.  Thus, the petition includes the following allegations:

> 8. Until a compleat [sic] and concise explanation of why intangible property is not a cost when it is disposed of to obtain other property and tangible property IS, 26 CFR 1.83-3(g) must be held to protect sums received under contract for the purchase of services from inclusion in gross income.  After all, § 61(a) applies only to "gross income" ("Gross Income Defined") and does not apply to compensation which may be "excluded by law" (See 1.61-1, -2). Cost is always excluded.

> 9. Until these arguments can be statutorily disposed of, Petitioner contends that the FMV of services can be included in gross income only by violating § 1001 and, 26 CFR 1.1001-1(a).

Petitioner attached several documents to her petition composed of over 100 pages of typewritten materials expanding on the arguments set forth above.

Respondent's Rule 40 Motion and Subsequent Developments

As indicated, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, and the Amendment thereo.  On October 6, 1995, the day after respondent filed her motion to dismiss, the Court issued an order calendaring respondent's motion for hearing and also directing petitioner to file a proper amended petition in accordance with the requirements of Rule 34.  In particular, the Court directed petitioner to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiency and separate statements of every fact upon which the assignments of error are based.  Petitioner failed to respond to the Court's order.

Respondent's motion to dismiss was called for hearing in Washington, D.C., on November 8, 1995.  Counsel for respondent appeared at the hearing and presented argument on the pending motion.  Petitioner did not appear at the hearing nor did she file a Rule 50(c) statement with the Court.[3]

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief.  Conley v. Gibson, 355

---

[3] Petitioner was reminded of the applicability of Rule 50(c) in the Court's Order dated Oct. 6, 1995.

U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and any addition to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1), 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the

passages from the petition previously quoted.  See <u>Abrams v. Commissioner</u>, 82 T.C. 403 (1984); <u>Rowlee v. Commissioner</u>, 80 T.C. 1111 (1983); <u>McCoy v. Commissioner</u>, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

The Court's order dated October 6, 1995, provided petitioner with an opportunity to assign error and allege specific facts concerning her liability for the taxable year in issue. Unfortunately, petitioner failed to respond to the Court's order.

We see no need to catalog petitioner's arguments and painstakingly address them.  As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).  Petitioner's arguments are nothing other than a variation on the theme that wages are not income.  Suffice it to say that both this and other Federal courts have consistently and uniformly held for many years that wages are income and that a taxpayer has no basis in his or her labor.  E.g., <u>Beard v. Commissioner</u>, 793 F.2d 139 (6th Cir. 1986), affg. per curiam 82 T.C. 766 (1984); <u>Coleman v. Commissioner</u>, 791 F.2d 68, 70 (7th Cir. 1986); <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986); <u>Olson v. United States</u>, 760 F.2d 1003, 1005 (9th Cir. 1985); <u>United States v. Burton</u>, 737 F.2d 439, 441 (5th Cir. 1984); <u>Gattuso v. Pecorella</u>, 733 F.2d 709, 710 (9th Cir. 1984);

Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982), affg. T.C. Memo. 1981-506; Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122; United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable."); United States v. Buras, 633 F.2d 1356, 1361 (9th Cir. 1980); Abrams v. Commissioner, supra at 407; Rowlee v. Commissioner, supra at 1119-1122; Reiff v. Commissioner, 77 T.C. 1169, 1173 (1981); Reading v. Commissioner, 70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); McNeel v. Commissioner, T.C. Memo. 1995-211; Fischer v. Commissioner, T.C. Memo. 1994-586; Zyglis v. Commissioner, T.C. Memo. 1993-341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994); Fox v. Commissioner, T.C. Memo. 1993-277, affd. without published opinion 69 F.3d 543 (9th Cir. 1995); Williams v. Commissioner, T.C. Memo. 1988-368; Allen v. Commissioner, T.C. Memo. 1987-242; Hebrank v. Commissioner, T.C. Memo. 1982-496; see sec. 61(a)(1).

Because the petition fails to state a claim upon which relief can be granted, we shall grant respondent's motion to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984).[4]

---

[4] Respondent's motion includes a request that the Court award a penalty to the United States in an appropriate amount

In order to reflect the foregoing,

<u>An order of dismissal and decision will be entered.</u>

---

pursuant to sec. 6673(a).  In the exercise of our discretion, however, we decline to award a penalty in this case. Nevertheless, petitioner is advised that sec. 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.