T.C. Memo. 1996-82


UNITED STATES TAX COURT


GREGG H. RISNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18494-95.            Filed February 26, 1996.


Gregg S. Risner, pro se.

<u>Blaise G. Dusenberry</u> and <u>James E. Archie</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on petitioner's Motion to Shift Burden of Proof to
Respondent.[1]  As explained in greater detail below, we shall deny
petitioner's motion.

---

[1]  All section references are to the Internal Revenue Code
in effect for the tax years at issue.  All Rule references are to
the Tax Court Rules of Practice and Procedure.

Background

Gregg H. Risner (petitioner) operates a chiropractic business near Dallas, Texas. Petitioner filed a Federal income tax return for the taxable year 1991 in which he reported net profit on Schedule C in the amount of $75,139, capital gains in the amount of $2,646, and taxable income in the amount of $62,187. Although petitioner filed a tax return for 1992, he reported no taxable income and instead claimed a refund of $11,900. Petitioner did not file tax returns for 1993 or 1994.

By letter dated January 18, 1995, Revenue Agent Robert D. Southern notified petitioner that he was being audited by the Internal Revenue Service (IRS) for the taxable years 1992 and 1993. Revenue Agent Southern requested that petitioner bring his books and records to an appointment scheduled for February 15, 1995. Petitioner responded to the above-described letter by sending Revenue Agent Southern a document entitled "Affidavit and Constructive Notice" that states in pertinent part: (1) petitioner returned his assigned Social Security number to its proper owner; (2) petitioner, as a "belligerent claimant", was claiming immunity and would refuse to produce his books and records; and (3) Revenue Agent Southern should provide petitioner with the Code sections and implementing regulations demonstrating his authority to audit petitioner's records.

On February 15, 1995, petitioner was served with an IRS summons (Form 2039) directing him to appear before Revenue Agent Southern with his financial records as well as those of the

Risner Chiropractic Clinic and the Risner Family Trust.  Although petitioner appeared before Revenue Agent Southern at the date and time specified in the summons, he refused to produce his books and records on the grounds that to do so would violate his rights under the Fourth and Fifth Amendments to the U.S. Constitution.

By notice of deficiency dated June 21, 1995, respondent determined deficiencies, additions to tax, and a penalty with respect to petitioner's Federal income taxes for the years and in the amounts as follows:

| Year | Deficiency | Additions to Tax | | Penalty |
| | | Sec. 6651(a) | Sec. 6654(a) | Sec. 6662 |
| 1992 | $44,306 | $5,989 | --- | $8,861 |
| 1993 | 38,279 | 9,570 | --- | --- |
| 1994 | 28,661 | 7,165 | $1,487 | --- |

The explanation of adjustments portion of the notice of deficiency states that respondent arrived at petitioner's taxable income by (1) increasing petitioner's interest and dividend income to account for third-party information reported to respondent on Forms 1099-INT and 1099-DIV,[2] and (2) computing petitioner's net income from his chiropractic business using petitioner's prior earnings experience in conjunction with the applicable Consumer Price Index factors for the years 1992, 1993, and 1994.  Using $75,139 (the net profit figure reported by petitioner on the Schedule C attached to his 1991 tax return) as

---

[2]  Respondent received third-party information (including Forms 1099-INT and 1099-DIV) indicating that petitioner invested substantial amounts in several different stock and bond mutual fund accounts during 1992 and 1993.

base year income, respondent determined that petitioner earned net profits of $77,401, $79,718, and $81,759 from his chiropractic business during the taxable years 1992, 1993, and 1994, respectively.

Petitioner invoked this Court's jurisdiction by filing a timely petition for redetermination on September 18, 1995.[3] The petition states in pertinent part:

> 1. Petitioner specifically denies the receipt of the taxable income shown in the "Notice of Deficiency" on which the amount of the alleged deficiency was figured, and, therefore, denies the deficiency and the penalties because of the inaccuracies in that taxable income, and,
>
> 2. Petitioner pleads that there is/are no implementing regulations of the Code of Federal Regulations which give any authority to the Internal Revenue Service, or any of its officers or employees, to proceed in the manner in which it has proceeded in the instant matter, and, therefore, the actions taken by the Internal Revenue Service in this matter falls outside of its scope of authority granted to it by the code, and,
>
> 3. Petitioner pleads that, based upon Title 26 USC (The Internal Revenue Code) and its implementing regulations, Petitioner is engaged in no taxable activities, and is therefore outside the jurisdiction of the Internal Revenue Service, and,
>
> 4. Petitioner pleads that the burden of proving the non-receipt of income is beyond the reasonable burden which the Court should place on an individual, and
>
> 5. Petitioner pleads that the entire case by the Government is based upon a "naked assertion", i.e. one person's word against another's, and therefore is insufficient to sustain a decision in the Government's favor.

---

[3] At the time he filed his petition, petitioner was residing in Longview, Texas.

On October 23, 1995, petitioner filed a Motion to Shift Burden of Proof to Respondent. Relying on Portillo v. Commissioner, 988 F.2d 27 (5th Cir. 1993), revg. and remanding T.C. Memo. 1992-99, and Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68, petitioner contends that respondent failed to provide a factual foundation for her determination, and, therefore, the notice of deficiency constitutes a "naked assertion". Based on these arguments, petitioner concludes that the normal presumption of correctness should not apply to respondent's deficiency determination and that the burden of proof should shift to respondent.

On November 13, 1995, respondent filed an answer to the petition generally denying the allegations contained therein. On the same date, respondent filed an objection to petitioner's motion to shift the burden of proof. Respondent argues that petitioner's motion should be denied on the ground that the petition filed herein fails to state a justiciable claim for relief and is based on nothing more than time-worn tax protester arguments. In this regard, respondent maintains that, although the petition includes an allegation that respondent erred in her determinations, petitioner failed to allege any specific facts regarding the correct amount of his tax liability. In the alternative, respondent contends that petitioner's motion is premature and that the question of the placement of the burden of proof is a matter best resolved at trial.

This matter was called for hearing in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in opposition to the pending motion. Although petitioner did not appear at the hearing, he did file a written statement with the Court pursuant to Rule 50(c), in response to respondent's objection to his motion. In that statement, petitioner asserts that the compensation that he receives in exchange for his labor is not income as defined in the Internal Revenue Code. Petitioner also contends that he is not subject to the Federal income tax because he is a "Self-governing Free Born Sovereign Citizen". Significantly, petitioner admits that he receives compensation from the operation of a chiropractic business. He asserts that any gains earned on his investments do not constitute taxable income.

## Discussion

We begin with the well-settled rule that determinations made by the Commissioner in a notice of deficiency normally are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In addition, this Court ordinarily will not look behind a statutory notice of deficiency to examine the evidence used or the propriety of respondent's motives or conduct in determining the deficiency. Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974).

There are exceptions to the general rule that the Commissioner's determination is presumed to be correct. One such exception arises in cases involving unreported income where the taxpayer challenges the notice of deficiency on the ground that it is arbitrary, and the Commissioner fails to substantiate her determination with predicate evidence. Sealy Power, Ltd. v. Commissioner, 46 F.3d 382, 386 (5th Cir. 1995), affg. in part, revg. in part, and remanding in part T.C. Memo. 1992-168; Portillo v. Commissioner, 932 F.2d at 1133.[4]

As indicated, petitioner moves to shift the burden of proof in the instant case based on his assertion that the notice of deficiency is arbitrary. Respondent counters that petitioner's motion should be denied, and his petition fails to state a justiciable claim for relief. We agree.

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). Any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v.

---

[4] An appeal in the instant case would lie in the Court of Appeals for the Fifth Circuit.

<u>Commissioner</u>, 73 T.C. 736, 739 (1980). Further, the failure of a party to plead or otherwise proceed as provided in the Court's Rules may be grounds for the Court to hold such party in default either on the motion of another party or on the initiative of the Court. Rule 123(a).

Based upon our review of the petition, petitioner's motion, and Rule 50(c) statement, we conclude that petitioner has failed to satisfy the requirements of Rule 34(b). Viewing the petition in isolation, the best that can be said is that petitioner has assigned error in respect of respondent's determinations. However, the petition lacks any statement of the facts on which petitioner bases the assignments of error. Petitioner's Motion to Shift the Burden of Proof to Respondent adds nothing in this regard. Petitioner's Rule 50(c) statement contains significant admissions. Rather than denying that he was engaged in an income-producing activity during the years in issue, petitioner admits that he received compensation from operating a chiropractic business. Petitioner also concedes that he maintained income-producing investments during the period in question. In conjunction with these statements, petitioner asserts that respondent erred in determining deficiencies in this case on the theories that (1) compensation received in exchange for labor is not taxable income, and (2) as a sovereign citizen, he is not subject to the Federal income tax.

Petitioner's arguments are nothing more than time-worn tax protester arguments that have been long rejected by this and

other Federal courts.  E.g., <u>Beard v. Commissioner</u>, 793 F.2d 139 (6th Cir. 1986), affg. per curiam 82 T.C. 766 (1984); <u>Coleman v. Commissioner</u>, 791 F.2d 68, 70 (7th Cir. 1986); <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986); <u>Olson v. United States</u>, 760 F.2d 1003, 1005 (9th Cir. 1985); <u>United States v. Burton</u>, 737 F.2d 439, 441 (5th Cir. 1984); <u>Gattuso v. Pecorella</u>, 733 F.2d 709, 710 (9th Cir. 1984); <u>Funk v. Commissioner</u>, 687 F.2d 264, 265 (8th Cir. 1982), affg. T.C. Memo. 1981-506; <u>Lonsdale v. Commissioner</u>, 661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122; <u>United States v. Romero</u>, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable."); <u>United States v. Buras</u>, 633 F.2d 1356, 1361 (9th Cir. 1980); <u>Abrams v. Commissioner</u>, 82 T.C. 403 (1984); <u>Rowlee v. Commissioner</u>, 80 T.C. 1111 (1983); <u>Reiff v. Commissioner</u>, 77 T.C. 1169, 1173 (1981); <u>Reading v. Commissioner</u>, 70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); <u>McNeel v. Commissioner</u>, T.C. Memo. 1995-211, affd. ___ F.3d ___ (9th Cir., Jan. 30, 1996); <u>Fischer v. Commissioner</u>, T.C. Memo. 1994-586; <u>Zyglis v. Commissioner</u>, T.C. Memo. 1993-341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994); <u>Fox v. Commissioner</u>, T.C. Memo. 1993-277, affd. without published opinion 69 F.3d 543 (9th Cir. 1995); <u>Williams v. Commissioner</u>, T.C. Memo. 1988-368; <u>Allen v. Commissioner</u>, T.C.

Memo. 1987-242; <u>Hebrank v. Commissioner</u>, T.C. Memo. 1982-496; see sec. 61(a).

An allegation in an unreported income case that respondent's determination is arbitrary might under some circumstances be viewed as a valid assignment of error. However, it is evident as discussed above that the petition in the instant case amounts to nothing more than a frivolous protest of this country's tax laws. As we see it, petitioner's Motion to Shift the Burden of Proof to Respondent is simply a transparent attempt at furthering that protest. Consequently, petitioner's motion will be denied.

As previously indicated, where a party fails to plead or otherwise proceed as provided in the Court's Rules, the Court may hold such party in default and enter a decision against the party on its own initiative. Rule 123(a). Although the petition clearly fails to conform with Rule 34(b), petitioner will be given another opportunity to correct the defects in his petition. Accordingly, we shall issue an Order allowing petitioner a reasonable amount of time to file a proper amended petition.[5]

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued.</u>

---

[5] In an effort to encourage petitioner to file a proper amended petition, we will take this opportunity to remind petitioner that sec. 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.