114 T.C. No. 21

UNITED STATES TAX COURT

DIANE FERNANDEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16710-99.                          Filed May 10, 2000.

       P submitted a request to R for innocent spouse
relief pursuant to sec. 6015(b), (c), and (f), I.R.C.
R mailed to P a determination which denied the
requested relief.  P filed a timely petition with the
Court pursuant to sec. 6015(e), I.R.C. P seeks review
of R's denial of relief under sec. 6015(b), (c), and
(f), I.R.C.  R moved to dismiss for lack of
jurisdiction and to strike as to sec. 6015(f), I.R.C.
R further moved to strike certain allegations of fact
raised by P in the petition.

       <u>Held</u>: We have jurisdiction to review a request for
innocent spouse relief under sec. 6015(f), I.R.C., when
P makes a requisite election under sec. 6015(b) and/or
(c), I.R.C., and files a timely petition with the Tax
Court pursuant to sec. 6015(e), I.R.C.  See <u>Butler v.
Commissioner</u>, 114 T.C. ___ (2000).  Accordingly, R's
motion to dismiss for lack of jurisdiction and to
strike is denied.  <u>Held</u>, <u>further</u>, allegations of fact
raised in the petition are relevant to P's request for

innocent spouse relief.  R's motion to strike P's allegations of fact is denied.

<u>Francine K. Cardella</u>, for petitioner.

<u>Rose E. Gole</u>, for respondent.

OPINION

COHEN, <u>Chief Judge</u>:  This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(5).  Unless otherwise indicated, section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike.  The issues for decision are: (1) Whether this Court has jurisdiction to review the denial of a request for innocent spouse relief pursuant to section 6015(f); and (2) whether certain allegations of fact asserted in the petition are relevant to petitioner's request for innocent spouse relief.

Background

In March 1999, petitioner submitted to respondent a request for relief from joint and several liability for taxable year 1988 under section 6015(b), (c), and (f).  In a letter dated July 27, 1999, respondent denied the requested relief.[1]  The determination letter advised that petitioner was not entitled to relief and included the following explanation: "Because the taxpayer Diane Fernandez had actual and constructive knowledge of the Capital Gains and the tax underpayment.  In addition, the petitioning spouse received a significant financial benefit when she received sales proceeds of $19,532.13 in tax year 1988."

On October 28, 1999, petitioner filed a timely petition with this Court pursuant to section 6015(e) to review respondent's denial of relief.  Petitioner asserts entitlement to relief under section 6015(b), (c), and (f).  The petition sets forth several bases of error by respondent and alleges facts in support of such bases.  Two of such allegations of fact are:

---

[1]  Petitioner asserts in the petition that the determination letter was mailed to petitioner and her agent on Oct. 6, 1999.  Respondent, in his answer to the petition, denies for lack of sufficient information whether a copy of the determination was mailed on Oct. 6, 1999.  Respondent did not provide any evidence of the mailing date of the July 27, 1999, letter.  While the record is not clear as to the mailing date of respondent's determination letter, we note that the petition, which was postmarked Oct. 25, 1999, and received by the Court on Oct. 28, 1999, would be timely even assuming the determination letter was mailed on July 27, 1999.  See secs. 6015(e)(1), 7502.

5. The facts upon which the petitioner relies, as the basis of the petitioner's case, are as follows:

\*      \*      \*      \*      \*      \*      \*

B. The Petitioner was not in control of the marital finances, which were one of the governing factors in the preparation of the 1988 jointly filed income tax return.

C. The sale of the house in question was owned exclusively by the Petitioner's former spouse. The Petitioner had neither a proprietary nor a financial interest in the house which was sold which caused the underpayment of the income tax assessed.

Respondent filed an answer to the petition and subsequently filed a motion to dismiss for lack of jurisdiction and to strike as to relief sought under section 6015(f). Respondent further moved to strike the allegations of fact contained in paragraphs 5.B. and 5.C. of the petition. At the time of filing the petition, petitioner resided in Elmhurst, New York.

Discussion

1. General

Congress enacted section 6015 in the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201, 112 Stat. 685, 734, as a means of expanding relief to innocent spouses. See H. Conf. Rept. 105-599, at 53 (1998); S. Rept. 105-174, at 65, 68 (1998); H. Rept. 105-364 (Part I) at 60-62 (1998). Section 6015(a) provides that, if an individual has made a joint return, he or she may elect to seek relief from joint and several liability under subsection (b). In addition,

such individual may elect to limit his or her liability under subsection (c) if eligible.

Section 6015(b) enumerates requirements for seeking innocent spouse relief. Specifically, section 6015(b) provides:

> SEC. 6015(b). Procedures For Relief From Liability Applicable to All Joint Filers.--
>
> > (1) In general.--Under procedures prescribed by the Secretary, if--
> >
> > > (A) a joint return has been made for a taxable year;
> > >
> > > (B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;
> > >
> > > (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;
> > >
> > > (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and
> > >
> > > (E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election,
> >
> > then the other individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement.

Subsection (c) of section 6015 provides an opportunity to limit liability, as follows:

SEC. 6015(c).  Procedures to Limit Liability for Taxpayers No Longer Married or Taxpayers Legally Separated or Not Living Together.--

(1) In general.--Except as provided in this subsection, if an individual who has made a joint return for any taxable year elects the application of this subsection, the individual's liability for any deficiency which is assessed with respect to the return shall not exceed the portion of such deficiency properly allocable to the individual under subsection (d).

\*       \*       \*       \*       \*       \*       \*

(3) Election.--

(A) Individuals eligible to make election.--

(i) In general.--An individual shall only be eligible to elect the application of this subsection if–

(I) at the time such election is filed, such individual is no longer married to, or is legally separated from, the individual with whom such individual filed the joint return to which the election relates; or

(II) such individual was not a member of the same household as the individual with whom such joint return was filed at any time during the 12-month period ending on the date such election is filed.

(ii) Certain taxpayers ineligible to elect.--If the Secretary demonstrates that assets were transferred between individuals filing a joint return as part of a fraudulent scheme by such individuals, an election under this subsection by either individual shall be invalid (and section 6013(d)(3) shall apply to the joint return).

Section 6015(f) provides an additional opportunity for relief as follows:

> SEC. 6015(f). Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
> (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and
>
> (2) relief is not available to such individual under subsection (b) or (c), the Secretary may relieve such individual of such liability.

2. Jurisdiction

The first issue to be decided is whether this Court has jurisdiction to review a denial of a request for innocent spouse relief pursuant to section 6015(f).

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See Gati v. Commissioner, 113 T.C. 132, 133 (1999); Yuen v. Commissioner, 112 T.C. 123, 124 (1999); Bourekis v. Commissioner, 110 T.C. 20, 24 (1998). The question of the Court's jurisdiction is fundamental and must be addressed when raised by a party or on the Court's own motion. See Naftel v. Commissioner, 85 T.C. 527, 530 (1985).

A. Section 6015(e)

The petition herein has been filed pursuant to section 6015(e). Section 6015(e), as pertinent here, provides:

SEC. 6015(e). Petition for review by Tax Court.--

(1) In general.--In the case of an individual who elects to have subsection (b) or (c) apply--

(A) In general.--The individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed during the 90-day period beginning on the date on which the Secretary mails by certified or registered mail a notice to such individual of the Secretary's determination of relief available to the individual. Notwithstanding the preceding sentence, an individual may file such petition at any time after the date which is 6 months after the date such election is filed with the Secretary and before the close of such 90-day period.

\*       \*       \*       \*       \*       \*       \*

(3) Applicable rules.--

(A) Allowance of credit or refund.--Except as provided in subparagraph (B), notwithstanding any other law or rule of law \* \* \*, credit or refund shall be allowed or made to the extent attributable to the application of subsection (b) or (f).

(B) Res judicata.--In the case of any election under subsection (b) or (c), if a decision of the Tax Court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive except with respect to the qualification of the individual for relief which was not an issue in such proceeding.  The exception contained in the preceding sentence shall not apply if the Tax Court determines that the individual participated meaningfully in such prior proceeding.

\*       \*       \*       \*       \*       \*       \*

(4) Notice to other spouse.-- The Tax Court shall establish rules which provide the individual filing a joint return but not making the election under subsection (b) or (c) with adequate notice and an

opportunity to become a party to a proceeding under either such subsection.

We have been asked, in this "stand alone" petition filed pursuant to section 6015(e)(1)(A), to decide whether we have authority to review a denial of relief under section 6015(f). Since our jurisdiction in this case is dependent upon section 6015(e)(1)(A), we look to the language of section 6015 to determine whether we have authority to review a denial of relief under section 6015(f). In Butler v. Commissioner, 114 T.C. ___ (2000), respondent argued that section 6015(e) precluded judicial review of claims made pursuant to section 6015(f). We opined in Butler that "We find nothing in section 6015(e) that precludes our review of respondent's denial of equitable relief to petitioner".

In this case, respondent asserts that, since section 6015(e)(1) provides "in the case of an individual who elects to have subsection (b) or (c) apply", the language of the statute limits our jurisdiction to the review of an election made under subsection (b) or (c). Therefore, respondent contends, we do not have jurisdiction to review relief under subsection (f). We do not agree, as explained more fully below.

When we interpret section 6015(e) to determine the scope of our jurisdiction, our purpose is to give effect to Congress' intent. To accomplish this, we must begin with the statutory language, which is the most persuasive evidence of the statutory

purpose. See <u>United States v. American Trucking Associations, Inc.</u>, 310 U.S. 534, 542-543 (1940). Usually, the plain meaning of the statutory language is conclusive. See <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 242 (1989); <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999). If a statute is silent or ambiguous, we may look to the statute's legislative history in an attempt to determine congressional intent. See <u>Burlington N. R.R. v. Oklahoma Tax Commn.</u>, 481 U.S. 454, 461 (1987); <u>Griswold v. United States</u>, 59 F.3d 1571, 1575-1576 (11th Cir. 1995). When a statute appears to be clear on its face, there must be unequivocal evidence of legislative purpose before interpreting the statute so as to override the plain meaning of the words used therein. See <u>Huntsberry v. Commissioner</u>, 83 T.C. 742, 747-748 (1984); see also <u>Pallottini v. Commissioner</u>, 90 T.C. 498, 503 (1988), and the cases cited therein.

We first look to the prefatory language contained in section 6015(e)(1) which states: "in the case of an individual who elects to have subsection (b) or (c) apply". We conclude that this language does not contain words of limitation that confine our jurisdiction to review of an election under subsections (b) and/or (c), as respondent contends. Rather, we understand this language to encompass the procedural requirement applicable to all joint filers seeking innocent spouse relief and, therefore, states the prerequisite to seeking our review of such relief.

Section 6015(a)(1) provides that, if an individual has made a joint return, he or she may elect to seek innocent spouse relief pursuant to the procedures set forth in subsection (b). If the individual is eligible, he or she may also elect to limit their liability pursuant to subsection (c). See sec. 6015(a)(2). Subsections (b) and (c), read together, encompass all joint filers who have the opportunity to seek innocent spouse relief.

Section 6015(f) provides an additional opportunity for relief to those taxpayers who do not otherwise meet the requirements of subsection (b) or (c). Specifically, section 6015(f) provides that if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either), and relief is not available to such individual under subsection (b) or (c), the Secretary may relieve such individual of such liability. Section 6015(f) does not require an affirmative election for relief as do subsections (b) and (c). We interpret this to mean that section 6015(f) provides an additional opportunity for relief to those individuals who elect relief under subsection (b) or (c) but do not meet one or more of the respective requirements of those subsections. In fact, a prerequisite for relief under section 6015(f) is that relief is not available under section 6015(b) or (c). See sec. 6015(f)(2). Therefore, we conclude, before an individual may petition this

Court for review of innocent spouse relief, including relief under subsection (f), such individual must make an election under subsections (b) and/or (c).

As we pointed out in Butler v. Commissioner, supra, the statutory language which grants jurisdiction to the Tax Court over subsection (f) is found in the statutory text: "the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section". Sec. 6015(e)(1)(A) (emphasis added). It is our view that Congress intended the term "under this section" to include all subsections of section 6015 in their entirety.

Our interpretation of the term "under this section" is consistent with our recent interpretation of identical language used in section 6404(g)[2] which provides in part that the "Tax Court shall have jurisdiction * * * to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion" (emphasis added). We held in Woodral v. Commissioner, supra at 22-23, that "Section 6404(g) clearly grants the Court jurisdiction to review the Commissioner's failure to abate interest under all subsections of section 6404 and does not limit the Court's jurisdiction to review cases

---

[2] Sec. 6404(g) was redesignated sec. 6404(i) by the Internal Revenue Restructuring and Reform Act of 1998, Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 743, 745.

arising only under section 6404(e)" (emphasis added). We also note that Congress recently amended section 6015(e)(3)(A) in recognition of the distinction between the terms "section" and "subsection". Congress amended section 6015(e)(3)(A) by striking "of this section" and inserting "of subsection (b) or (f)". Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub. L. 105-277, sec. 4002(c), 112 Stat. 2681-906.

### B. Legislative History

In Butler v. Commissioner, supra, we opined that the legislative history of section 6015 supported an interpretation that section 6015 does not limit our authority to review section 6015(f). For the same reasons as fully discussed in Butler, we hold that the legislative history of section 6015 makes clear that Congress did not intend to limit our review of section 6015.

### C. Section 6015(f)

Section 6015(f) provides that the Commissioner may relieve an individual of liability if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or deficiency (or portion thereof), and relief is not available to such individual under subsection (b) or (c). Respondent asserts that we do not have jurisdiction to review a denial of a claim for innocent spouse relief under section 6015(f) because the granting of such relief is discretionary.

This argument is identical to that made in <u>Butler v. Commissioner</u>, <u>supra</u>. We concluded in <u>Butler v. Commissioner</u>, <u>supra</u>, that the Commissioner's authority is not committed solely to agency discretion and is, therefore, susceptible to judicial review. We further concluded that we are well equipped to decide whether it was an abuse of discretion for respondent to deny relief to a taxpayer under section 6015(f). For the same reasons as more fully discussed in <u>Butler v. Commissioner</u>, <u>supra</u>, we conclude that we have authority to review respondent's denial of petitioner's claim for equitable relief.

3. <u>Allegations of Fact</u>

In her petition to this Court, petitioner asserted error by respondent for failing to consider certain facts in his denial of innocent spouse relief. Petitioner recited the alleged facts in her petition, see <u>supra</u> p. 4, as bases for such error.

Respondent moved to strike the paragraphs from the petition as not relevant to the determination of whether petitioner is entitled to innocent spouse relief. Petitioner is required to set forth clear and concise statements of the facts on which petitioner bases the assignments of error. See Rule 34(b)(5); <u>Jarvis v. Commissioner</u>, 78 T.C. 646, 658 (1982); <u>Gordon v. Commissioner</u>, 73 T.C. 736, 739 (1980); <u>Risner v. Commissioner</u>, T.C. Memo. 1996-82. Such facts are relevant to the issue of

innocent spouse relief.  Accordingly, respondent's motion to strike is denied.

To reflect the foregoing,

<u>An order will be issued denying respondent's motion to dismiss for lack of jurisdiction and to strike with respect to section 6015(f) and to strike with respect to allegations of fact asserted in the petition</u>.