T.C. Summary Opinion 2002-126


UNITED STATES TAX COURT



JOHN F. HEYSE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6638-01S.          Filed October 3, 2002.


John F. Heyse, pro se.

James N. Beyer, for respondent.


DINAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

This case is before us on petitioner's petition under

_____

[1]Section references are to the Internal Revenue Code in effect at the time the petition was filed in this case.

section 6015(e)(1) for relief from joint and several liability. Specifically, petitioner seeks a refund pursuant to respondent's determination that he is entitled to relief under section 6015(c) with respect to taxable year 1993.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Wilmington, Delaware, on the date the petition was filed in this case.

There are no relevant disputed facts in this case. Petitioner and his former spouse filed a joint Federal income tax return for taxable year 1993. Petitioner was subsequently divorced from his spouse, and he has lived alone and has been filing separate returns since 1994.

In 1996, respondent assessed a deficiency of $15,479, plus interest, relating to petitioner's taxable year 1993. This deficiency was never paid directly by petitioner to respondent. On February 23, 1998, a Federal income tax overpayment by petitioner of $6,842 with respect to his 1997 taxable year was applied to the 1993 liability. On April 12, 1999, a 1998 overpayment by petitioner of $9,891 was applied to the remaining 1993 liability.[2]

_____

[2]The amounts credited to petitioner's 1993 tax liability exceed the deficiency amount. Respondent's counsel stated at
(continued...)

On August 9, 1999, petitioner requested relief with respect to the 1993 liability under section 6015(b), (c), and (f).  On March 27, 2001, respondent issued a notice of determination granting petitioner partial relief pursuant to section 6015(c).  The notice stated that petitioner had requested relief in the amount of $24,093, that relief had been granted in the amount of $20,367, and that there was tax remaining of $3,729.[3]  The notice also stated that refunds were not allowed with respect to section 6015(c) relief.

Petitioner filed a petition in this Court seeking relief pursuant to section 6015.  He requests that this Court:

> determine that Petitioner is eligible for relief under Section 6015 in the amount of $20,367.00 and direct the Internal Revenue Service to issue a refund to Petitioner in the amount of $20,367.00, together with statutory interest thereon, pursuant to Section 6015 of the Internal Revenue Code.

Respondent argues that any refund is barred by section 6015(g)(3).

Section 6015, as amended, was originally enacted in 1998 to replace former section 6013(e).  Internal Revenue Service

---

[2](...continued)
trial that the excess was applied to assessed interest.  Neither party specifically addressed this point, but respondent presumably has relieved petitioner from liability for any remaining unpaid interest.

[3]It is unclear what the basis for this determination was, however, because sec. 6015(c) relief applies to assessed deficiencies.  Sec. 6015(c)(1).  The deficiency in petitioner's case was only $15,479.

Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201, 112 Stat. 685, 734. The provision provides relief from joint and several liability for certain taxpayers who file a joint Federal income tax return. In general terms, there are three avenues of relief under section 6015: Section 6015(b) may provide relief with respect to certain erroneous items on the return, section 6015(c) may provide for a separation of liability for separated taxpayers, and section 6015(f) may provide equitable relief for taxpayers who otherwise do not qualify for relief under either of the other two provisions. As a general rule, taxpayers who qualify for relief under section 6015(b) or (f)--but not section 6015(c)--are entitled to a refund or credit attributable to the application of section 6015. Sec. 6015(g)(1), (3).

After a taxpayer requests relief under section 6015, the taxpayer may petition this Court for a review of respondent's subsequent determination. Sec. 6015(e)(1)(A). Our jurisdiction in cases brought under section 6015(e)(1) encompasses a review of respondent's determination with respect to all relief afforded by section 6015. Fernandez v. Commissioner, 114 T.C. 324, 331 (2000). Thus, we have jurisdiction to review respondent's determination that no refund is due petitioner pursuant to section 6015(g)(3). However, we note that we have jurisdiction with respect to only a portion of the tax liability at issue in this case. Overpayments which are credited to another year's tax

liability are deemed to be payments at the time the credit is made.  Secs. 6402(a); 7422(d); <u>Culpepper-Smith v. United States</u>, 82 AFTR 2d 98-6212, 98-2 USTC par. 50,721 (E.D. Pa. 1998). Accordingly, payment of petitioner's 1993 tax liability was made on February 23, 1998, and April 12, 1999.  Section 6015 applies to tax liabilities arising after or remaining unpaid on July 22, 1998.  Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g)(1), 112 Stat. 685, 740.  In this case, section 6015 applies only to that portion of petitioner's tax liability which remained unpaid after respondent applied the first credit on February 23, 1998.  Because the sole basis for our jurisdiction in this case is section 6015(e), we lack authority to grant relief with respect to the portion of the 1993 tax liability which was paid on February 23, 1998.  <u>Brown v. Commissioner</u>, T.C. Memo. 2002-187.

It is clear that the deficiency determined by respondent for taxable year 1993 has been paid in full, and that the basis of the relief respondent granted to petitioner was section 6015(c). Consequently, section 6015(g)(3) bars any refund to petitioner as a result of respondent's determination that petitioner was entitled to relief.  Respondent's determination letter does not address petitioner's alternative requests for relief under section 6015(b) and (f), for which a refund would not be barred. Nor was this issue addressed by petitioner in the petition or at

trial.[4]  Furthermore, the record before us contains insufficient facts to support a finding that petitioner was entitled to relief under either alternative provision.[5]

Petitioner argues that he is entitled to a refund because the payment of the deficiency was "involuntary" in that the liability was satisfied by respondent's crediting of later years' overpayments to the 1993 deficiency, without notification to or permission by petitioner.  Respondent, however, has discretion to credit overpayments to any outstanding tax liabilities, and the crediting of such an overpayment is treated as if the taxpayer had received a refund and in turn paid the tax liability.  Secs. 6402(a), 7422(d); Culpepper-Smith v. United States, supra.  The 1993 tax liability has been satisfied, and section 6015(g)(3) clearly prohibits a refund resulting from relief afforded by section 6015(c).

Reviewed and adopted as the report of the Small Tax Case Division.

---

[4]Petitioner states in his petition that "Taking into account all the facts and circumstances, it is inequitable to hold the Petitioner liable."  Language similar to this is found in both sec. 6015(b) and (f).  However, petitioner did not specifically refer to either of these provisions, and at trial the focus of petitioner's argument was on the fact that payment of the 1993 tax deficiency was "involuntary", as discussed infra.

[5]Petitioner would not be entitled to relief under sec. 6015(f) unless it were shown that, contrary to respondent's determination, petitioner is not entitled to relief under sec. 6015(c).  Sec. 6015(f)(2).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.