T.C. Summary Opinion 2005-32


UNITED STATES TAX COURT


LINDA J. BOWEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1447-04S.                    Filed March 28, 2005.


Linda J. Bowen, pro se.

<u>Audrey M. Morris</u>, for respondent.


    DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, all subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

The case arises from petitioner's election to seek relief from joint and several liability for Federal income tax for petitioner's 1999 taxable year under section 6015.  Respondent determined that petitioner is not entitled to relief under section 6015(b), (c), or (f).

The issues for decision are whether petitioner is entitled to relief under section 6015(b) or (c) and whether respondent's determination that petitioner is not entitled to relief under section 6015(f) is an abuse of discretion.

## Background

Most of the facts are stipulated.  The stipulated facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petition in this case was filed, petitioner resided in Cleburne, Texas.

During 1999 petitioner was married to Mr. Jerry Jorgensen (Jorgensen).  Petitioner has a college degree and was employed as the manager of a medical office.  Jorgensen is a high school graduate and was employed by G.K. Carlile, Inc. as a "serviceman".  Jorgensen started his own business in 1993; the business failed; and in 1999 only an open bank account remained.

Petitioner and Jorgensen maintained a joint checking account into which they deposited all their wage income.  Petitioner not only wrote most of the checks drawn on the account, but she also reviewed the bank statements and balanced the checkbook.

Petitioner prepared the joint Federal income tax return for 1999 for Jorgensen and herself. After the return was signed but prior to its filing, Jorgensen informed petitioner that the return was "missing something". In a letter to respondent dated May 21, 2002, petitioner stated that her husband advised her that an employer-supplied document was missing from the return; no copy was available, "so the return was mailed as it was." As she discovered later, missing from the return was income paid to Jorgensen that was reported on "Form 1099". Petitioners did not file an amended return to report the omitted income.

Petitioner and Jorgensen were divorced on February 13, 2001. Under the "Agreed Final Decree of Divorce", Jorgensen is required to pay child support and any indebtedness due the Internal Revenue Service for their Federal income taxes for tax years during their marriage ending with calendar year 2000. Neither of these obligations has been satisfied.

On August 15, 2001, respondent sent to petitioner and Jorgensen a statutory notice of deficiency for 1999. The notice determined that the joint return filed by petitioner and Jorgensen failed to report nonemployee compensation of $16,638 which (after a deduction for self-employment tax) resulted in an income tax deficiency of $5,206. No petition for redetermination of the deficiency was filed with the Court by petitioner or Jorgensen.

Petitioner filed a Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), on March 11, 2003, and later she submitted a Form 886-A, Questionnaire for Requesting Spouse.

Discussion

Relief From Joint and Several Liability Under Section 6015

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse may seek relief from joint and several liability under section 6015(b), or if eligible, may allocate liability under section 6015(c) of the item giving rise to the deficiency.

Where an individual elects to have section 6015(b) or (c) apply, section 6015(e) gives jurisdiction to the Court "to determine the appropriate relief available to the individual under this section". In addition, if relief is not available under section 6015(b) or (c), an individual may seek equitable relief under section 6015(f). The Court has jurisdiction to review for abuse of discretion the Commissioner's determination under section 6015(f). Fernandez v. Commissioner, 114 T.C. 324, 329-331 (2000); Butler v. Commissioner, 114 T.C. 276, 287-292

(2000).  The Court's review is not limited to the Commissioner's administrative record.  <u>Ewing v. Commissioner</u>, 122 T.C. 32, 44 (2004).

Except as otherwise provided in section 6015, the taxpayer bears the burden of proof.  Rule 142(a); <u>Alt v. Commissioner</u>, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).  Respondent has failed to carry his burden of proof with respect to a factual issue necessary to deny petitioner relief under section 6015(c).  The Court, therefore, grants petitioner relief under section 6015(c), and we need not address her claims for relief under section 6015(b) and (f).

<u>Section 6015(c) Relief</u>

The Court has described section 6015(c) as functioning to: "[relieve] the requesting spouse of liability for the items making up the deficiency that would have been allocable solely to the nonrequesting spouse if the spouses had filed separate tax returns for the taxable year."  <u>Mora v. Commissioner</u>, 117 T.C. 279, 290 (2001).  In order to obtain relief under section 6015(c), the party seeking relief (the requesting spouse) must satisfy certain requirements.  The return for which relief is sought must be a joint return, section 6015(c)(1); the requesting spouse must timely file an election for relief, section 6015(c)(3)(B); and, at the time the election is filed, the requesting spouse must no longer be married to, or must be

legally separated or living apart from, the individual with whom the requesting spouse filed the joint return (the nonrequesting spouse), section 6015(c)(3)(A)(i)(I).  Petitioner satisfies those requirements.  Relief is available to the requesting spouse only for that portion of the deficiency properly allocable to the nonrequesting spouse.  Sec. 6015(c)(1), (d).  Respondent concedes that the deficiency is entirely allocable to Jorgensen.

A requesting spouse meeting the above requirements may still be denied relief under section 6015(c) if the Commissioner can demonstrate[1] that, at the time the requesting spouse signed the joint return, she had actual knowledge of any item giving rise to a deficiency (or portion thereof) that is not allocable to her. Sec. 6015(c)(3)(C).  "Actual knowledge" for purposes of section 6015(c)(3)(C) is the actual and clear awareness of the item, as distinguished from mere reason to know of the item.  Cheshire v. Commissioner, 282 F.3d 326, 337 n.26 (5th Cir. 2002), affg. 115 T.C. 183, 195 (2000); sec. 1.6015-3(c)(2)(iii), Income Tax Regs.[2] The mere fact that information is available to a taxpayer concerning the source of income is insufficient to show actual knowledge of the item of omitted income.  Charlton v.

---

[1]Respondent has both the burden of producing evidence and the risk of nonpersuasion on the issue of actual knowledge.  Sec. 1.6015-3(c)(2)(ii), Income Tax Regs.

[2]The regulation is applicable for elections or requests for relief filed on or after July 18, 2002.  Sec. 1.6015-9, Income Tax Regs.

Commissioner, 114 T.C. 333, 341 (2000); Rowe v. Commissioner, T.C. Memo. 2001-325; Martin v. Commissioner, T.C. Memo. 2000-346.

Respondent did not call Jorgensen to testify. Respondent failed to prove that, at the time petitioner signed the 1999 joint return, she had actual knowledge of the omission of the nonemployee income from the return.

Conclusion

Petitioner is eligible for relief under section 6015(c), and respondent has failed to nullify her election by demonstrating that she had actual knowledge of the item giving rise to the deficiency at the time she signed the joint return.

Respondent erred in denying petitioner relief under section 6015(c). Petitioner has no liability for the deficiency.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be

entered for petitioner.