T.C. Memo. 2004-184

UNITED STATES TAX COURT

MARGARET A. DURHAM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10581-02.                  Filed August 16, 2004.

Margaret A. Durham, pro se.

Edwina L. Jones, for respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge:  Respondent determined
that petitioner is not entitled to relief from joint and several
liability under section 6015 for the 1993 taxable year.[1]  The
issues for decision are:  (1) Whether petitioner is entitled to

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

relief under section 6015(b) or (c); and (2) whether respondent abused his discretion in denying petitioner's request for equitable relief under section 6015(f).

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Hope Mills, North Carolina, at the time she filed the petition herein.

Petitioner was married to James L. Hyatt (Mr. Hyatt). During the 1993 taxable year, petitioner was a housewife, and Mr. Hyatt was a self-employed carpenter and partner of J.D. Trim Company.

Petitioner and Mr. Hyatt filed a timely Federal income tax return for the 1993 taxable year (1993 joint return). The 1993 joint return reported "total tax" of $4,175 and tax due of the same amount. Petitioner and Mr. Hyatt did not remit any payment with their return. On May 23, 1994, respondent accepted the 1993 joint tax return as filed and assessed the tax reported therein, along with additions to tax under sections 6651(a)(2) and 6654 of $39.70 and $166.34, respectively, and interest of $29.03.

Petitioner had overpayments of tax for the taxable years 1995 through 2001. Respondent applied these overpayments to offset the outstanding tax liability associated with the 1993 joint return in the following manner:

| Taxable Year | Amount of Overpayment | Week Applied[1] |
|---|---|---|
| 1995 | $193 | 5/12/1996 |
| 1996 | 585 | 5/25/1997 |
| 1997 | 246 | 5/10/1998 |
| 1998 | 226 | 2/21/1999 |
| 1999 | 237 | 4/16/2000 |
| 2000 | 349 | 5/13/2001 |
| 2000 | [2]300 | 8/12/2001 |
| 2001 | 253 | 4/21/2002 |

[1] Respondent testified that Monday is the typical day of the week for applying the overpayment.

[2] Amount of petitioner's rate reduction credit for 2000.

As of December 8, 2003, the amount outstanding associated with the 1993 joint return was $1,740.17 of accrued interest.[2]

In 1995 or sometime thereafter, petitioner and Mr. Hyatt divorced.

On December 26, 2001, petitioner filed a Form 8857, Request for Innocent Spouse Relief. Respondent issued petitioner a final notice dated March 27, 2002, denying petitioner relief from joint and several liability under section 6015(b), (c), and (f). Respondent noted:

> We received your request more than two years after the date we began collection activity. IRC Sections 6015(b)(1)(E), 6015(c)(3)(B) and 6015(f) require Innocent Spouse claims to be filed no later than two years after the start of collection activity after July 22, 1998. The date of collection activity on your account, after the enactment if [sic] IRC Section 6015 was 2/22/99.

---

[2] Respondent also applied both Mr. Hyatt's overpayment of tax for the 2001 taxable year and Mr. Hyatt's payments under an installment agreement to offset the outstanding liability associated with the 1993 joint return.

After respondent issued the final notice dated March 27, 2002, denying equitable relief under section 6015(f) based upon the 2-year time limit, respondent nevertheless requested that his Appeals Office review petitioner's request under the nonexhaustive list of factors of Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. 447, 448-449. On November 19, 2003, respondent's Appeals Office recommended not granting equitable relief under section 6015(f) after concluding the following:

> The fact that she indicates that she is divorced and the income was due to the non-requesting spouse does not out weigh [sic] the factors that she knew there was a balance due when she signed the return, was not forced to sign the joint return, had no filing requirement since she was a housewife and did not have to sign her name, knew what she was doing when she signed the joint return (she wanted to get a deduction for herself), the lack of economic hardship, no abuse, in good health, has assets that could be sold to pay the liability and is 45 years old with no dependents * * *.

Petitioner contends that she is entitled to relief from joint and several liability under section 6015(b) and (c) and that respondent abused his discretion in denying her equitable relief under section 6015(f) for the 1993 taxable year. Accordingly, petitioner contends that she is entitled to a refund of the overpayments of her income tax liabilities that respondent used to offset the liability associated with the 1993 joint return.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse may seek relief from joint and several liability under section 6015. A spouse may qualify for relief from liability under section 6015(b), or if eligible, may allocate liability under section 6015(c). In addition, if relief is not available under section 6015(b) or (c), an individual may seek equitable relief under section 6015(f). Fernandez v. Commissioner, 114 T.C. 324, 329-331 (2000); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000). Our review is not limited to respondent's administrative record. Ewing v. Commissioner, 122 T.C. 32, 44 (2004). Except as otherwise provided in section 6015, petitioner bears the burden of proof. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002).

1. Section 6015(b) and (c)

Section 6015(b) provides relief from joint and several liability for tax (including interest, penalties, and other amounts) to the extent that such liability is attributable to an understatement of tax. The term "understatement" means the excess of (1) the amount of the tax required to be shown on the return for the taxable year, over (2) the amount of tax imposed

which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)). Secs. 6015(b)(3), 6662(d)(2)(A).

Section 6015(c) allows a taxpayer who is eligible and so elects to limit his or her liability to the portion of a deficiency that is properly allocable to the taxpayer as provided in section 6015(d). Sec. 6015(c)(1).

In the present case, there is neither an understatement of tax, as required under section 6015(b), nor a deficiency, as required under section 6015(c). Rather, there is an underpayment of tax. The 1993 return filed by petitioner and Mr. Hyatt reported tax due of $4,175, but they did not remit any payment with their return. Accordingly, section 6015(b) and (c) cannot apply. We sustain respondent's determination that petitioner is not entitled to relief from joint and several liability under either section 6015(b) or (c).

2. Section 6015(f)

Since petitioner is not entitled to relief under section 6015(b) or (c), we consider whether petitioner qualifies for relief under section 6015(f), after a trial de novo and using an abuse of discretion standard. See Ewing v. Commissioner, supra at 43-44; Fernandez v. Commissioner, supra at 328-329; Butler v. Commissioner, supra at 287-292. Petitioner bears the burden of proving that respondent's denial of equitable relief under section 6015(f) was an abuse of discretion. See Rule 142(a); Alt

v. Commissioner, supra at 311.  Petitioner must demonstrate that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  See Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

As directed by section 6015(f), the Commissioner has prescribed procedures for determining whether a spouse qualifies for relief under subsection (f).  The applicable provision is found in Rev. Proc. 2000-15, 2000-1 C.B. 447.[3]  We have upheld the procedures in reviewing a determination.  Washington v. Commissioner, 120 T.C. 137, 147-152 (2003); Ohrman v. Commissioner, T.C. Memo. 2003-301.

Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, provides seven threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).  According to this revenue procedure, one of these threshold conditions is that the "requesting spouse applies for relief no later than two years after the date of the Service's first collection activity after July 22, 1998, with

---

[3]  This revenue procedure was superseded by Rev. Proc. 2003-61, which is effective either for requests for relief filed on or after Nov. 1, 2003, or for requests for relief pending on Nov. 1, 2003, for which no preliminary determination letter has been issued as of Nov. 1, 2003.  Rev. Proc. 2003-61, sec. 7, 2003-32 I.R.B. 296, 299.

respect to the requesting spouse".[4]  See Rev. Proc. 2000-15, sec. 4.01(3), 2000-1 C.B. at 448.  Respondent contends that petitioner failed to satisfy this threshold condition.

We need not address respondent's contention because, even if petitioner could satisfy the threshold conditions, Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, has a nonexhaustive list of factors weighing in favor of relief and factors weighing against relief, and petitioner has failed to present any evidence with regard to these factors for determining whether to grant equitable relief.[5]  Accordingly, we conclude that respondent did not abuse his discretion by acting arbitrarily, capriciously, or without sound basis in fact in denying petitioner's request for equitable relief under section 6015(f).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[4] Petitioner does not question the validity of this threshold condition; therefore, we need not address its validity. See <u>Hall v. Commissioner</u>, T.C. Memo. 2004-170 n.3.

[5] As we indicated earlier, although respondent denied equitable relief under sec. 6015(f) based upon the 2-year time limit, respondent subsequently reviewed petitioner's request under the nonexhaustive list of factors of Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. 447, 448-449.