T.C. Summary Opinion 2005-48


UNITED STATES TAX COURT


VERNON STACY TAYLOR, Petitioner, AND SHERRI D. TAYLOR, Intervenor
<u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2337-04S.          Filed April 19, 2005.


Vernon Stacy Taylor, pro se.

Sherri D. Taylor, pro se.

<u>Adam L. Flick</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The case arises from petitioner's election to seek relief from joint and several liability for Federal income tax for petitioner's 2001 taxable year under section 6015(f).  Respondent determined that petitioner is not entitled to relief.

The issue for decision is whether respondent's determination that petitioner is not entitled to relief under section 6015(f) is an abuse of discretion.

## Background

Some of the facts are stipulated.  The stipulated facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petition in this case was filed, petitioner resided in Grapevine, Texas.

During 2001, petitioner was married to Sherri D. Taylor (intervenor).  Petitioner, an accountant, has a college degree and owned the S corporation by which he was employed, Archive Litigation Services, Inc. (Archive).  Intervenor has a high school diploma and was employed as a business manager for which she reported wages of $73,352.40.

Intervenor was also a part owner of three "passthrough" entities, Armstrong Archives, LLC (Armstrong), Property Leasing X, LLP (Property), and United Business Services.  Intervenor reported net income from Armstrong and Property for 2001 and

petitioner, although he received wages of $26,850, reported from Archive a net loss of $14,840. The return also reported net rental income of $2,852 and small amounts of interest and dividends.

Petitioner and intervenor reported their income yearly on jointly filed Federal income tax returns beginning in 1984, the year of their marriage. In 1999, wage withholdings were sufficient to pay the joint tax liability; intervenor's business interests lost money while petitioner's business was profitable.

For several months leading to the departure of intervenor from the marital household on June 15, 2001, the marriage had been strained and tense. Despite the "unfriendly" separation, petitioner volunteered to intervenor to prepare a joint income tax return for 2001, as he had done over the course of their marriage. Intervenor provided petitioner with the information concerning her tax matters for 2001.

Petitioner signed the return on April 11, 2002, and presented it to intervenor for her signature. On the advice of her attorney, intervenor refused to sign the return. Petitioner filed the return without intervenor's signature and without remittance. Intervenor has, however, ratified the filing of the return on her behalf, but the tax remains unpaid.

Petitioner and intervenor's divorce is pending in a Texas family court.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse, however, may seek relief from joint and several liability under section 6015. To obtain relief from liability, a spouse must qualify under section 6015(b), or if eligible, may allocate liability under section 6015(c). In addition, if relief is not available under section 6015(b) or (c),[1] a spouse may seek equitable relief under section 6015(f). Fernandez v. Commissioner, 114 T.C. 324, 329-331 (2000); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000). The Court's review of determinations under section 6015(f) is not limited to the Commissioner's administrative record. Ewing v. Commissioner, 122 T.C. 32, 44 (2004).

Except as otherwise provided in section 6015, the taxpayer bears the burden of proof. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Section 6015(f) grants the Commissioner discretion to relieve from joint and several liability an individual who files a joint return. Because relief from the 2001 underpayment is not

---

[1]Because petitioner seeks relief from an underpayment of tax rather than an understatement, relief under subsections (b) and (c) of sec. 6015 is not available. Sec. 6015(b) and (c); see also Washington v. Commissioner, 120 T.C. 137, 145-147 (2003).

available to petitioner under section 6015(b) or (c), he has satisfied one of the two prerequisites for relief under section 6015(f).

The other prerequisite is that it is inequitable to hold the individual liable for the unpaid tax, taking into consideration all of the facts and circumstances.  As contemplated by section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. 447, 448, to be used in determining whether an individual qualifies for relief under that section.[2]  Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, sets forth the threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).  Respondent does not dispute that petitioner has satisfied the threshold conditions.

Where the requesting spouse satisfies the threshold conditions set forth in Rev. Proc. 2000-15, sec. 4.01, sec. 4.02 sets forth the circumstances under which the Commissioner will ordinarily grant relief to that spouse under section 6015(f).

Respondent determined that petitioner has not shown that, at the time the return was signed, he had no knowledge or reason to

---

[2]The guidelines applicable herein are set forth in Rev. Proc. 2000-15, 2000-1 C.B. 447, which was in effect at the time petitioner's request for relief was made, Aug. 12, 2002.  Rev. Proc. 2000-15, supra, has been superseded by Rev. Proc. 2003-61, 2003-32 I.R.B. 296, effective for requests for relief filed on or after Nov. 1, 2003.

know that the tax would not be paid. Respondent also determined that he has failed to show that he would suffer economic hardship if relief is not granted. Respondent therefore concluded that petitioner has failed to satisfy all of the elements of Rev. Proc. 2000-15, sec. 4.02 and does not qualify for relief under section 6015(f).

Petitioner testified at trial that he signed and presented the return to the intervenor, and "she wouldn't sign it and pay the tax". He argues that "when I signed it and presented it, I expected that it would be paid". Petitioner testified that in 2000 intervenor received "passthrough" entity income and had paid the tax and he expected that it would be paid for 2001.

Intervenor testified that when she moved out of the marital home in June of 2001, she took with her no marital assets. According to intervenor's testimony, when she left the house, petitioner removed all their financial assets from joint accounts and a safe deposit box. All of the marital assets were placed under petitioner's control, intervenor testified.

The Court concludes that petitioner knew at the time he signed the return that he intended to demand that intervenor pay the entire amount of tax due. Petitioner certainly knew that his marriage had failed and that there was acrimony between him and his wife. Whether or not petitioner had assumed control of all the financial assets of the marriage, he had ample reason to

expect that intervenor, having retained counsel for divorce, would balk at paying the entire tax liability. Judging from petitioner's actions, he had evidently decided that he would not be the one to pay the tax liability. The Court finds from the record that petitioner has not shown that at the time he signed the return he had no reason to know that the tax would not be paid.

In determining whether a requesting spouse will suffer economic hardship if relief is not granted, Rev. Proc. 2000-15, supra, looks to section 301.6343-1(b)(4), Proced. & Admin. Regs., for guidance. Rev. Proc. 2000-15, sec. 4.02(1)(c). Economic hardship is present if satisfaction of the tax liability in whole or in part will cause the taxpayer to be unable to pay reasonable basic living expenses. Sec. 301.6343-1(b)(4), Proced. & Admin. Regs. Petitioner offered no evidence that payment of part or all of the tax due would cause him financial hardship.

Where, as here, the requesting spouse fails to qualify for relief under Rev. Proc. 2000-15, sec. 4.02, the Commissioner may nonetheless grant the requesting spouse relief under Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448. Rev. Proc. 2000-15, sec. 4.03(1) and (2), 2000-1 C.B. at 448-449, sets forth six positive and six negative factors that are to be considered in determining whether to grant relief. The revenue procedure makes clear that no single factor is to be determinative in any particular case,

that all factors are to be considered and weighed appropriately, and that the list of factors is not intended to be exhaustive.

The knowledge or reason to know factor, the economic hardship factor, and the legal obligation to pay factor in Rev. Proc. 2000-15, sec. 4.03(2)(b), (d), and (f), 2000-1 C.B. at 449, respectively, are the opposites of the knowledge or reason to know factor, the economic hardship factor, and the legal obligation to pay factor in Rev. Proc. 2000-15, sec. 4.03(1)(d), (b), and (e), respectively. The attribution factor in Rev. Proc. 2000-15, sec. 4.03(2)(a) is substantially the opposite of the attribution factor in Rev. Proc. 2000-15, sec. 4.03(1)(f). Consequently, in the Court's review of the Commissioner's determination denying relief under section 6015(f), the Court has held that a finding with respect to the reason to know, economic hardship, legal obligation, and attribution factors ordinarily will weigh either in favor of or against granting equitable relief under section 6015(f). Ewing v. Commissioner, 122 T.C. at 45. The Court has also held that a finding that a requesting spouse did not receive a significant benefit from the item giving rise to the deficiency weighs in favor of granting relief under section 6015(f). Id. Finally, the Court treats evidence that the remaining positive and negative factors are not applicable as evidence weighing neither in favor of nor against granting

equitable relief (i.e., as neutral).  <u>Id.</u>

In favor of petitioner here are the factors of marital status, attribution, and significant benefit.  Petitioner's failure to show that he had no reason to know that the tax would not be paid or that payment of part or all of the tax would cause him economic hardship are negative factors.  Under Rev. Proc. 2000-15, sec. 4.03(2)(b), reason to know that the tax would not be paid "is an extremely strong factor weighing against relief." The revenue procedure provision provides that "when the factors in favor of equitable relief are unusually strong, it may be appropriate to grant relief under section 6015(f) in limited situations" where the spouse requesting relief had reason to know of the understatement.  The Court finds no "unusually strong" factors in favor of equitable relief here.

Although petitioner has three factors in his favor and only two that weigh against him, in view of the language of Rev. Proc. 2000-15, sec. 4.03(2)(b), the Court finds, considering all the facts and circumstances, that respondent did not abuse his discretion in denying petitioner equitable relief from joint and severable liability under section 6015(f).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for</u> <u>respondent</u>.