T.C. Summary Opinion 2005-100

UNITED STATES TAX COURT

DWAN A. THOMAS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15322-04S.           Filed July 21, 2005.

Dwan A. Thomas, pro se.

Miriam C. Dillard, for respondent.

DEAN, Special Trial Judge:  This is a case arising under
sections 6015 and 7463, as in effect at the time the petition was
filed.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code, and all Rule references are to
the Tax Court Rules of Practice and Procedure.  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined petitioner was not entitled to relief from joint and several liability for a $6,450 underpayment of tax for tax year 2000 pursuant to section 6015. The issue for decision is whether respondent abused his discretion by denying petitioner's request for relief from joint and several liability under section 6015 for the 2000 underpayment of tax.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed with the Court, petitioner resided in Jacksonville, Florida.

## Background

Petitioner was married to Shannon R. Flowers (Mr. Flowers), and one child was born during the marriage. They were legally married during 2000, but divorced in 2002.

Petitioner is a college graduate with a bachelor of science degree in health information management. During 2003, she was enrolled in a master of business administration program at Webster University. During 2000, petitioner was employed as a director with Shands Jacksonville.

Mr. Flowers was a high school graduate in 2000 with some college coursework. He worked in automotive sales.

Respondent assessed a $6,450 deficiency due to a mathematical or clerical error adjustment to the 2000 return.

See sec. 6213(b)(1). Respondent later reduced the amount of tax due to $4,199 because of the application of $2,251 of withholding credits from Mr. Flowers, which credits were not reported on the 2000 return or credited when the math error adjustment was made.

The tax liability for 2000 arose from a miscalculated dependent care credit. Petitioner and Mr. Flowers timely filed a joint Form 1040, U.S. Individual Income Tax Return, reflecting wages of $80,933 and withholding credits of $5,239. Attached to the return was Form 2441, Child and Dependent Care Expenses, on which petitioner reported that she had paid child care expenses of $1,080 and claimed a credit of $7,503. It appears that instead of multiplying the child care expenses by 20 percent, petitioner calculated the credit by multiplying Mr. Flowers's earned income of $37,515 by 20 percent.

Petitioner prepared the 2000 joint tax return herself and reviewed it before signing it. The return reflected an overpayment of $693.

During their marriage, petitioner and Mr. Flowers maintained a joint checking account into which they both made deposits. Petitioner opened the household mail and reviewed the bank statements. She acknowledged that she was generally aware of Mr. Flowers's finances as well as her own. During her review of

their bank statements, petitioner discovered that Mr. Flowers had hidden some withdrawals from her during the year.

Respondent received from petitioner a Form 8857, Request for Innocent Spouse Relief. Petitioner also submitted to respondent a completed Form 12510, Questionnaire for Requesting Spouse, in which she provided a list of her monthly expenses. Those expenses total $4,185 and are as follows:

| | |
|---|---|
| Rent | $875 |
| Food | 360 |
| Utilities | 200 |
| Telephone | 100 |
| Auto Payments | 585 |
| Auto insurance | 71 |
| Auto fuel & repairs | 200 |
| Medical | 100 |
| Clothing | 100 |
| Credit card | 300 |
| Braces & eyeglasses | 188 |
| Tutoring | 956 |
| Gas | 150 |

Respondent determined petitioner was not entitled to relief from joint and several liability for the understatement for tax year 2000 pursuant to section 6015 because petitioner knew or had reason to know of the item causing the understatement of tax, and the item causing the understatement was partly attributable to petitioner.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the

entire tax due.  Sec. 6013(d)(3).  A spouse, however, may seek

relief from joint and several liability under section 6015.  To

obtain relief from liability, a spouse must qualify under section

6015(b), or if eligible, may allocate liability under section

6015(c).  In addition, if relief is not available under section

6015(b) or (c), a spouse may seek equitable relief under section

6015(f).  Fernandez v. Commissioner, 114 T.C. 324, 329-331

(2000); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000).

The Court's review of determinations under section 6015(f) is not

limited to the Commissioner's administrative record.  Ewing v.

Commissioner, 122 T.C. 32, 44 (2004).

Except as otherwise provided in section 6015, the taxpayer

bears the burden of proof.  Rule 142(a); Alt v. Commissioner, 119

T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Section 6015(b) and (c)

A taxpayer who satisfies all of the five requirements set

forth in section 6015(b), shall be relieved of liability for tax

(including interest, penalties, and other amounts) for such

taxable year to the extent such liability is attributable to such

understatement.  Sec. 6015(b)(1); Cheshire v. Commissioner, 282

F.3d 326, 332 (5th Cir. 2002), affg. 115 T.C. 183 (2000); Alt v.

Commissioner, supra at 313.  Alternatively, under section

6015(c), a taxpayer may receive proportionate relief through

allocation of a deficiency between individuals who filed a joint

return and who are no longer married, who are legally separated, or who have been living apart for the preceding 12 months.

Section 6015(b) mandates that the understatement of tax be attributable to erroneous items of the nonrequesting spouse. Sec. 6015(b)(1)(B). If the understatement is attributable to an erroneous item of the taxpayer or to both the taxpayer and the other individual filing the return, the taxpayer is not entitled to relief under section 6015(b). See, e.g., Bartak v. Commissioner, T.C. Memo. 2004-83; Ellison v. Commissioner, T.C. Memo. 2004-57; Doyel v. Commissioner, T.C. Memo. 2004-35. On her Form 8857, petitioner indicated that the understatement of tax was not due to erroneous items of her spouse. The Court concludes that petitioner has failed to satisfy the requirement of section 6015(b)(1)(B).

Further, the knowledge a taxpayer possesses about the items underlying the liability could preclude relief under either or both section 6015(b) or (c). Under section 6015(b), if the taxpayer fails to establish that in signing the return he or she did not know, and had no reason to know, that there was such understatement, relief will be denied. Sec. 6015(b)(1)(C). Relief under section 6015(c) will be denied to a taxpayer who had actual knowledge of the item giving rise to the deficiency. Sec. 6015(c)(3)(C).

In the context of a disallowed deduction, "actual knowledge" is present if the taxpayer had actual knowledge of the factual circumstances which made the item unallowable as a deduction. King v. Commissioner, 116 T.C. 198, 204 (2001). Knowledge of the tax consequences resulting from the factual circumstances is not required. Id. at 203-204.

Petitioner admitted that she prepared the tax return and calculated the dependent care credit. The dependent care credit petitioner claimed on the return was almost seven times greater than the amount she actually paid for child care. At trial, petitioner conceded that her calculation was incorrect and that the amount of the deduction she claimed did "not sound normal". Additionally, petitioner admitted that she reviewed the return before signing it.

The Court finds that petitioner had actual knowledge of the item giving rise to the deficiency. The Court concludes that petitioner is not entitled to relief under section 6015(b) or (c).

Section 6015(f)

Section 6015(f) grants the Commissioner discretion to relieve from joint and several liability an individual who files a joint return. Section 6015 provides, in pertinent part, as follows:

SEC. 6015.  RELIEF FROM JOINT AND SEVERAL LIABILITY ON
              JOINT RETURN.

\*          \*          \*          \*          \*          \*          \*

        (f) Equitable Relief.--Under procedures prescribed
by the Secretary, if--

            (1) taking into account all the facts
        and circumstances, it is inequitable to hold
        the individual liable for any unpaid tax or
        any deficiency (or any portion of either);
        and

            (2) relief is not available to such
        individual under subsection (b) or (c),

    the Secretary may relieve such individual of such liability.

    Because relief from the 2000 understatement is not available

to petitioner under section 6015(b) or (c), she has satisfied one

of the two prerequisites for relief under section 6015(f).

    The other prerequisite is that it is inequitable to hold the

individual liable for the unpaid tax, taking into consideration

all the facts and circumstances.  As contemplated by section

6015(f), the Commissioner has prescribed guidelines in Rev. Proc.

2000-15, sec. 4.02, 2000-1 C.B. 447, 448, to be used in

determining whether an individual qualifies for relief under that

section.[1]  Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448,

---

[1]Respondent's determination is subject to Rev. Proc. 2000-15, 2000-1 C.B. 447, which was in effect when respondent evaluated petitioner's request and when respondent issued the notice of determination.  Rev. Proc. 2000-15, supra, has been superseded by Rev. Proc. 2003-61, 2003-32 C.B. 296, effective for requests for relief filed on or after Nov. 1, 2003.

sets forth the threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).  Respondent does not dispute that petitioner has satisfied those threshold conditions.

A requesting spouse satisfying all the applicable threshold conditions may be relieved of all or part of the liability under section 6015(f) if, taking into account all the facts and circumstances, the IRS determines that it would be inequitable to hold the requesting spouse liable for the liability.  Rev. Proc. 2000-15, sec 4.01, supra at 448.

Rev. Proc. 2000-15, sec. 4.03(1) and (2), 2001-1 C.B. at 448-449, sets forth six positive and six negative factors that are to be considered in determining whether to grant relief.  The revenue procedure makes clear that no single factor is to be determinative in any particular case, that all factors are to be considered and weighed appropriately, and that the list of factors is not intended to be exhaustive.

The knowledge or reason to know factor, the economic hardship factor, and the legal obligation to pay factor in Rev. Proc. 2000-15, sec. 4.03(2)(b), (d), and (f), 2000-1 C.B. at 449, respectively, are the opposites of the knowledge or reason to know factor, the economic hardship factor, and the legal obligation to pay factor in Rev. Proc. 2000-15, sec. 4.03(1)(d), (b), and (e), respectively.  The attribution factor in Rev. Proc.

2000-15, sec. 4.03(2)(a) is substantially the opposite of the attribution factor in Rev. Proc. 2000-15, sec. 4.03(1)(f). Consequently, in the Court's review of the Commissioner's determination denying relief under section 6015(f), the Court has held that a finding with respect to the reason to know, economic hardship, legal obligation, and attribution factors ordinarily will weigh either in favor of or against granting equitable relief under section 6015(f).  Ewing v. Commissioner, 122 T.C. at 45.  The Court has also held that a finding that a requesting spouse did not receive a significant benefit from the item in issue weighs in favor of granting relief under section 6015(f). Id.  Finally, the Court treats evidence that the remaining positive and negative factors are not applicable as evidence weighing neither in favor of nor against granting equitable relief (i.e., as neutral).  Id.

The sole factor in favor of petitioner here is the factor of marital status.  Petitioner and her former husband were divorced in 2002.  The remaining factors that are applicable tend to weigh against petitioner.  Petitioner caused the mathematical error on the return, and she had knowledge of the actual amounts she paid for child care.  Petitioner also derived a significant benefit from her miscalculation in that the return reflected an overpayment of $693 instead of an understatement of $6,450. Finally, petitioner has failed to show that she would experience

economic hardship if relief from the liability were not granted.

The Court finds, considering all the facts and circumstances, that respondent did not abuse his discretion in denying petitioner equitable relief from joint and severable liability under section 6015(f).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.