T.C. Memo. 2001-76


UNITED STATES TAX COURT


FREDIE LYNN CHARLTON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

SARAH K. HAWTHORNE, F.K.A. SARAH K. CHARLTON,
Petitioner v. COMMISSIONER OF INTERNAL REVENUE,
Respondent[*]


Docket Nos. 11412-98, 11861-98.    Filed March 27, 2001.


In <u>Charlton v. Commissioner</u>, 114 T.C. 333 (2000),
we held that (1) income from Medi-Task, a transcription
service, is self-employment income attributable to
Hawthorne (H), Charlton's (C's) former spouse;
(2) expenses related to rental cabins are not
deductible; and (3) C qualifies under sec. 6015(c),
I.R.C., for limitation of liability for tax resulting
from the Medi-Task income.  We ordered C and respondent
(R) to compute C's liability under sec. 6015(d),
I.R.C., as part of the Rule 155 computations.  After we
filed our opinion in <u>Charlton v. Commissioner</u>, <u>supra</u>, R
determined that H is entitled to relief under section
6015(f).  C disagrees with R's determination.

---

[*]  This Memorandum Opinion supplements <u>Charlton v.
Commissioner</u>, 114 T.C. 333 (2000).

Held: deductions related to Medi-Task are allocable to H.  See sec. 6015(d)(3), I.R.C.

Held, further, R's determination that H was entitled to relief under sec. 6015(f), I.R.C., was not an abuse of discretion.

Fredie Lynn Charlton, pro se.

Sarah K. Hawthorne, pro se.

Carl D. Inskeep, Sheila R. Pattison, Deborah H. Delgado, and Lewis J. Hubbard, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

COLVIN, Judge:  This matter is before us to resolve a dispute arising in the Rule 155[1] computations submitted by petitioner Fredie Lynn Charlton (Charlton) and respondent. Charlton sought relief under section 6015.[2]

Following concessions,[3] we must decide the following issues:

---

[1] Rule references are to the Tax Court Rules of Practice and Procedure.  Section references are to the Internal Revenue Code in effect during 1994, except section 6015, which was enacted in 1998.

[2] Docket No. 11861-98, the case of Sarah K. Hawthorne, formerly known as Sarah K. Charlton and now known as Sarah K. Mayor, was consolidated with this case for trial, briefing, and opinion.

[3] The parties agree that the total deficiency is $15,192. They dispute whether $8,320 of that amount should be allocable to Charlton, Hawthorne, or jointly to both of them under sec. 6015(d).

1.    Whether unclaimed Medi-Task expenses totaling $2,050 are allocable to Hawthorne.  We hold that they are.

2.    Whether the self-employment tax deduction resulting from self-employment tax attributable to the unreported Medi-Task income is allocable to Hawthorne.  We hold that it is.

3.    Whether respondent's determination that Hawthorne is entitled to relief under section 6015(f) was an abuse of discretion.  We hold that it was not.

## Background

Charlton and Hawthorne were married in 1989.  They filed a joint tax return for 1994 on which they reported income from a medical transcription business called Medi-Task and deducted rental cabin expenses.

Respondent determined a deficiency for 1994 based in part on unreported Medi-Task income, self-employment tax related to Medi-Task, a $2,050 deduction for Medi-Task expenses which Charlton and Hawthorne had not deducted, and rental cabin expense deductions which respondent denied.

Charlton and Hawthorne were divorced in 1996.  Hawthorne received Medi-Task, and Charlton received the rental cabins as a part of their divorce settlement.

Charlton and Hawthorne filed petitions disputing respondent's determination and alleging that they each qualified for relief under section 6015.  We held that Medi-Task income was self-employment income allocable to Hawthorne under sections 6017

and 1402(a)(5)(A). See Charlton v. Commissioner, 114 T.C. 333, 337 (2000). We denied rental cabin deductions because they were preoperational expenses. See id. at 338. We held that Charlton qualifies for limitation of liability under section 6015(c) to the extent that the unreported Medi-Task income is allocable to Hawthorne. See id. at 340-342. Charlton improperly netted the Medi-Task income and expenses petitioners had reported with expenses of the rental cabins to compute self-employment income. That error caused a self-employment tax deficiency. An additional self-employment tax deficiency occurred because Charlton and Hawthorne underreported Medi-Task income. We accepted respondent's unopposed suggestion that the parties allocate items under section 6015(d) as part of the Rule 155 computations. See id. at 342.

After we filed our opinion in Charlton v. Commissioner, supra, respondent determined that Hawthorne is entitled to relief under section 6015(f).

## Discussion

Respondent contends that the tax on Medi-Task income and the increase in self-employment tax attributable to the unreported Medi-Task income are allocable to Hawthorne, and that the deficiency to the extent that it was attributable to denied rental cabin deductions is allocable to Charlton. Charlton contends that deductions for $2,050 of unclaimed Medi-Task

expenses and for self-employment tax related to Medi-Task are allocable jointly to Hawthorne and Charlton.

A.    Whether the $2,050 of Unclaimed Medi-Task Expenses Are Allocable Solely to Hawthorne

Charlton contends that the unclaimed Medi-Task expenses are allocable both to him and Hawthorne.  We disagree.  Items giving rise to a deficiency on a joint return are allocated to the individuals filing the return in the same manner as if the individuals had filed separate returns.  See sec. 6015(d)(3)(A); Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201, 112 Stat. 734; H. Conf. Rept. 105-599, at 250-251 (1998), 1998-3 C.B. 747, 1004-1005.  "The allocation of business deductions is expected to follow the ownership of the business."  S. Rept. 105-174, at 57 (1998), 1998-3 C.B. 537, 593.  Thus, Medi-Task deductions are allocable solely to Hawthorne because only she owned Medi-Task.

Section 6015(d) provides that only "items giving rise to the deficiency" are allocated as if the individuals had filed separate returns for the taxable year.  See sec. 6015(d)(3)(A).[4]

_____

[4]  Sec. 6015(d)(3)(A) provides:

(d)  Allocation of deficiency.
     For purposes of subsection (c)--

        *       *       *       *       *       *       *

     (3)  Allocation of items giving rise to the deficiency.--For purposes of this subsection --

          (A)  In general.  Except as provided in

Charlton contends that the unclaimed Medi-Task deductions are not "items giving rise to the deficiency" because unclaimed deductions reduce, and do not cause, a deficiency. Charlton points out that we said in Charlton v. Commissioner, supra at 341, that "The only Medi-Task item causing a deficiency in this case is omitted income."

Consistent with the requirement that we allocate items under section 6015(c) as if the spouses had filed separate returns, see section 6015(d)(3)(A), we believe "items giving rise to the deficiency" include items that affect the calculation of the deficiency. We conclude that the unclaimed Medi-Task deductions are "items giving rise to the deficiency" for purposes of section 6015(d) and that the separate return rule applies under section 6015(d)(3)(A).

Married individuals who file separate returns must each report their own income and deductions.[5] See Commissioner v. Culbertson, 337 U.S. 733, 739-740 (1949) ("income must be taxed to him who earns it"); Deputy v. duPont, 308 U.S. 488, 493-494 (1940) (taxpayer must deduct own expense and not that of

paragraphs (4) and (5), any item giving rise to a deficiency on a joint return shall be allocated to individuals filing the return in the same manner as it would have been allocated if the individuals had filed separate returns for the taxable year.

[5] See discussion of married individuals filing separate returns, 4 Bittker & Lokken, Federal Taxation of Income, Estates and Gifts, par. 111.3.2, at 111-64 and 111-65 (2d ed. 1992).

another).  If Hawthorne had filed a separate return, Hawthorne could have deducted Medi-Task expenses because she owned Medi-Task and because Charlton may not deduct Hawthorne's business expenses.  See Deputy v. duPont, supra; Bennett Land Co. v. Commissioner, 70 T.C. 904, 908 (1978).  Hawthorne could have deducted Medi-Task expenses because she used Medi-Task income, all of which is allocated to Hawthorne, to pay Medi-Task's expenses.  See Johnson v. Commissioner, T.C. Memo. 1980-9 (husband cannot deduct taxes or mortgage interest that he paid on a house that his wife owned where the mortgage was her obligation and he was liable for the debt only as a guarantor), affd. 652 F.2d 54 (2d Cir. 1981); Finney v. Commissioner, T.C. Memo. 1976-329 (the spouse providing funds may deduct interest paid on jointly owned property).

Charlton contends that one-half of the Medi-Task deductions are attributable to him under Texas community property laws.  We disagree.  Allocation under section 6015(d)(3) is made without regard to community property laws.  See sec. 6015(a) (flush language).

We conclude that the $2,050 of unclaimed Medi-Task expenses are allocable to Hawthorne under section 6015(d)(3)(A).

B.  Whether the Self-Employment Tax Deduction Relating to Medi-Task Is Allocable Solely to Hawthorne

Charlton contends that the self-employment tax relating to Medi-Task is allocable solely to Hawthorne, but that the

resulting self-employment tax deduction is allocable both to him and Hawthorne.  We disagree.  The self-employment tax deduction resulting from the self-employment tax due to Hawthorne's self-employment income from Medi-Task is allocable to Hawthorne under the separate return rule for reasons discussed in paragraph A, above.

C.   Whether Respondent's Determination That Hawthorne Is Entitled to Relief Under Section 6015(f) Was an Abuse of Discretion

After we issued our opinion in these cases at Charlton v. Commissioner, 114 T.C. 333 (2000), respondent determined that Hawthorne was entitled to equitable relief under section 6015(f) for the deficiency in income tax attributable to the denied deductions for the rental cabins and the deficiency in self-employment tax attributable to improper netting due to the fact that Charlton netted Medi-Task income and expenses with rental cabin expenses.  Charlton disagrees with respondent's determination.

We apply an abuse of discretion standard to review the Commissioner's determinations under section 6015(f).  See Cheshire v. Commissioner, 115 T.C. 183, 199 (2000); Fernandez v. Commissioner, 114 T.C. 324, 332 (2000); Butler v. Commissioner, 114 T.C. 276, 291-293 (2000).  Charlton contends: (1) The improper characterization of costs for the rental cabins and self-employment tax netting errors are partially attributable to Hawthorne; (2) Hawthorne knew or had reason to know of the

improper characterization and netting; and (3) Hawthorne significantly benefited from the improper characterization and netting.

Charlton does not cite anything in the record to support his contentions, and the record shows that some of his contentions are incorrect. First, Charlton contends that Hawthorne is partially responsible for improperly characterizing rental property costs and self-employment tax netting errors. However, the record shows that Charlton prepared the tax return for 1994. We believe that the improper characterization of the rental property expenses and self-employment tax netting errors were his errors, and that Hawthorne did not know of those errors. Second, Charlton contends that Hawthorne significantly benefited from the improper characterization of rental property expenses. It appears that Charlton, and not Hawthorne, benefited from the errors on the 1994 tax return relating to the rental property because he received and used the income tax refund for 1994 and Hawthorne did not. Costs of improvements to the rental properties are added to the basis in the properties because we held that they are capital expenses. Charlton will benefit from the fact that the basis was increased because he received the rental property in the divorce. Hawthorne testified that she did not read the return, but her testimony on this point does not establish that respondent's determination that Hawthorne is

entitled to relief under section 6015(f) is an abuse of discretion.

Charlton questions the qualifications of the revenue agent who prepared the Form 886A, Explanation of Items, which detail respondent's reasons for granting Hawthorne relief under section 6015(f). However, there is no indication that the revenue agent was unqualified, and respondent is not required to establish the qualifications of the revenue agent who prepared the Form 886A. See Greenberg's Express v. Commissioner, 62 T.C. 324, 327 (1974).

Charlton states that he does not know what information the revenue agent used to support the findings on the Form 886A, that he did not have the opportunity to question witnesses or examine evidence that the revenue agent considered, and that he did not have the opportunity to rebut Hawthorne's statements. However, Charlton neither offered any evidence nor made any convincing argument that respondent's determination that Hawthorne was entitled to relief under section 6015(f) was an abuse of discretion. Similarly, he has not identified any new evidence that he wishes to offer. See Rodman v. Commissioner, 542 F.2d 845, 860 (2d Cir. 1976) (unsupported allegations do not establish an abuse of discretion), affg. in part, revg. in part on another ground, and remanding T.C. Memo. 1973-277; United States v. Marshall, 526 F.2d 1349, 1356 (9th Cir. 1975) (same).

At trial, Hawthorne contended that she was entitled to relief under section 6015(b). To be entitled to relief under

section 6015(b), a taxpayer must show that it is inequitable to be held liable for tax due on a joint return. See sec. 6015(b)(1)(D). Under section 6015(f), the Secretary may grant relief from joint liability if it is inequitable to hold the individual liable for any unpaid tax or deficiency. Charlton was present at trial. Thus, he had the opportunity to present evidence relating to whether or to what extent it was equitable to hold Hawthorne jointly liable for tax. He did not establish that it was an abuse of discretion for respondent to relieve Hawthorne from joint liability to the extent determined by respondent under section 6015(f).

Based on the Form 886A and the trial record in these cases, we conclude that respondent's grant of relief to Hawthorne under section 6015(f) was not an abuse of discretion. Thus, we sustain that determination.

For the foregoing reasons,

<u>Decision will be entered consistent with agreed computations submitted under Rule 155 by respondent and Hawthorne in docket No. 11861-98 and consistent with</u>

respondent's computations under Rule 155 in docket No. 11412-98.