T.C. Summary Opinion 2005-128

UNITED STATES TAX COURT

TAMMY DEBRA MARTIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 15635-04S, 15636-04S.    Filed August 22, 2005.

Tammy Debra Martin, pro se.

<u>Lorianne D. Masano</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  These consolidated cases were
heard pursuant to the provisions of section 7463 of the Internal
Revenue Code as in effect at the time the petitions were filed.
Unless otherwise indicated, subsequent section references are to
the Internal Revenue Code of 1986 as amended, and Rule references
are to the Tax Court Rules of Practice and Procedure.  The
decisions to be entered are not reviewable by any other court,
and this opinion should not be cited as authority.

The cases arise from petitioner's election to seek relief from joint and several liability under section 6015 for Federal income taxes for 1996 and 1997.  Respondent issued to petitioner notices of determination that she is not entitled to relief under section 6015(f).

The issue for decision is whether respondent's determination for each year that petitioner is not entitled to relief under section 6015(f) is an abuse of discretion.

## Background

The stipulated facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petitions in these cases were filed, petitioner resided in Anthony, Florida.

Petitioner filed her 1996 Federal income tax return jointly with her then husband, Mark J. Martin (husband), on February 12, 1998.  Her joint Federal income tax return for 1997 was filed shortly thereafter, on April 15, 1998.  Both returns were filed without remittance.  It does not appear that petitioner significantly benefited from the failure to pay tax beyond normal support.

Petitioner and her husband received a judgment of dissolution of marriage in Illinois on April 27, 2002. Petitioner sent to respondent a Form 8857, Request for Innocent Spouse Relief, dated October 6, 2003.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse, however, may seek relief from joint and several liability under section 6015. To obtain relief from liability, a spouse must qualify under section 6015(b), or if eligible, may allocate liability under section 6015(c). In addition, if relief is not available under section 6015(b) or (c),[1] a spouse may seek equitable relief under section 6015(f). Fernandez v. Commissioner, 114 T.C. 324, 329-331 (2000); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000). The Court's review of determinations under section 6015(f) is not limited to the Commissioner's administrative record. Ewing v. Commissioner, 122 T.C. 32, 44 (2004).

Except as otherwise provided in section 6015, the taxpayer bears the burden of proof. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Section 6015(f) grants the Commissioner discretion to relieve from joint and several liability an individual who files a joint return. Because relief from the 1996 and 1997

---

[1]Because petitioner seeks relief from an underpayment of tax for each year rather than an understatement, relief under subsecs. (b) and (c) of sec. 6015 is not available. See Washington v. Commissioner, 120 T.C. 137, 145-147 (2003).

underpayments is not available to petitioner under section 6015(b) or (c), she has satisfied one of the two prerequisites for relief under section 6015(f).

The other prerequisite is that it is inequitable to hold the individual liable for the unpaid tax, taking into consideration all of the facts and circumstances. As contemplated by section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. 447, 448, to be used in determining whether an individual qualifies for relief under that section.[2] Rev. Proc. 2000-15, sec. 4.01, 2001-1 C.B. at 448, sets forth the threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f). Respondent does not dispute that petitioner has satisfied the threshold conditions.

Where the requesting spouse satisfies the threshold conditions set forth in Rev. Proc. 2000-15, sec. 4.01, Rev. Proc. 2000-15, sec. 4.02 sets forth the circumstances under which the Commissioner will ordinarily grant relief to that spouse under section 6015(f).

---

[2]The guidelines applicable herein are set forth in Rev. Proc. 2000-15, 2000-1 C.B. 447, which was in effect at the time petitioner's request for relief was made, Oct. 15, 2003. Rev. Proc. 2000-15, supra, has been superseded by Rev. Proc. 2003-61, 2003-2 C.B. 296, effective for requests for relief filed on or after Nov. 1, 2003.

Respondent determined that petitioner has not shown that, at the time each return was signed, she had no knowledge or reason to know that the tax would not be paid. Respondent also determined that she has failed to show that she would suffer economic hardship if relief were not granted. Respondent therefore concluded that petitioner has failed to satisfy all of the elements of Rev. Proc. 2000-15, sec. 4.02, and does not qualify for relief under section 6015(f).

Petitioner's Form 12510, Questionnaire for Requesting Spouse, indicates that her only checking account was a joint checking account with her husband. Petitioner did not work outside of the home, and her husband's paycheck was deposited by petitioner into the account. Petitioner wrote checks for all of the family bills from the account. She reviewed bank statements and picked up all household mail. The returns for both years, marked "self-prepared", reflect no withholding or estimated tax payments. Almost all of petitioner's testimony at trial consisted of her alleging that she did not know that in signing the returns she would be jointly and severally liable for the income tax liabilities.

The Court concludes from the evidence that if petitioner did not choose to write a check for the tax liability for either year, the liabilities would not be paid. Petitioner offered no explanation as to why she might have reason to think that the

taxes would be paid if she did not pay them.  The Court finds that petitioner has not shown that at the time she signed the returns she had no reason to know that the taxes would not be paid.

In determining whether a requesting spouse will suffer economic hardship if relief is not granted, Rev. Proc. 2000-15, supra, looks to section 301.6343-1(b)(4), Proced. & Admin. Regs., for guidance.  Rev. Proc. 2000-15, sec. 4.02(1)(c), 2000-1 C.B. at 448.  Economic hardship is present if satisfaction of the tax liability in whole or in part will cause the taxpayer to be unable to pay reasonable basic living expenses.  Sec. 301.6343-1(b)(4), Proced. & Admin. Regs.  Petitioner offered no evidence that payment of part or all of the taxes due would cause her financial hardship.

Where, as here, the requesting spouse fails to qualify for relief under Rev. Proc. 2000-15, sec. 4.02, the Commissioner may nonetheless grant the requesting spouse relief under Rev. Proc. 2000-15, sec. 4.03.  Rev. Proc. 2000-15, sec. 4.03(1) and (2), 2000-1 C.B. at 448, sets forth six positive and six negative factors that are to be considered in determining whether to grant relief.  The revenue procedure makes clear that no single factor is to be determinative in any particular case, that all factors are to be considered and weighed appropriately, and that the list of factors is not intended to be exhaustive.

The knowledge or reason to know factor, the economic hardship factor, and the legal obligation to pay factor in Rev. Proc. 2000-15, sec. 4.03(2)(b), (d), and (f), respectively, are the opposites of the knowledge or reason to know factor, the economic hardship factor, and the legal obligation to pay factor in Rev. Proc. 2000-15, sec. 4.03(1)(d), (b), and (e), respectively. The attribution factor in Rev. Proc. 2000-15, sec. 4.03(2)(a) is substantially the opposite of the attribution factor in Rev. Proc. 2000-15, sec. 4.03(1)(f). Consequently, in the Court's review of the Commissioner's determination denying relief under section 6015(f), the Court has held that a finding with respect to the reason to know, economic hardship, legal obligation, and attribution factors ordinarily will weigh either in favor of or against granting equitable relief under section 6015(f). Ewing v. Commissioner, 122 T.C. at 45. The Court has also held that a finding that a requesting spouse did not receive a significant benefit from the item giving rise to the deficiency weighs in favor of granting relief under section 6015(f). Id. Finally, the Court treats evidence that the remaining positive and negative factors are not applicable as evidence weighing neither in favor of nor against granting equitable relief (i.e., as neutral). Id.

In favor of petitioner here are the factors of marital status, attribution, and failure to significantly benefit beyond

normal support. Petitioner's failure to show that she had no reason to know that the taxes would not be paid, and that payment of part or all of the taxes would cause her economic hardship are negative factors. Under Rev. Proc. 2000-15, sec. 4.03(2)(b), reason to know that the tax would not be paid "is an extremely strong factor weighing against relief." The revenue procedure provides that "when the factors in favor of equitable relief are unusually strong, it may be appropriate to grant relief under section 6015(f) in limited situations" where the spouse requesting relief had reason to know of the understatement. Id. The Court finds no "unusually strong" factors in favor of equitable relief here.

Petitioner has alleged that she suffered abuse at the hands of her husband. If true, it would be another factor in her favor. Rev. Proc. 2000-15, sec. 4.03(1)(c), 2000-1 C.B. at 444. The record includes copies of several "Miscellaneous Incident" reports prepared by officers of the Glen Ellyn police department. The reports, most of which postdate the years at issue, do show that petitioner and her husband often did not get along: They argued loudly and, on one occasion, engaged in a "mutual shoving match". The reports do not, however, show that petitioner was "abused" by her husband.

Petitioner has three factors in her favor and two that weigh against her. In view of the language of Rev. Proc. 2000-15, sec.

4.03(2)(b), that knowledge that the tax would not be paid is an "extremely strong factor", the Court finds, considering all the facts and circumstances, that respondent did not abuse his discretion in denying petitioner equitable relief from joint and severable liability under section 6015(f).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decisions will be entered for respondent</u>.