T.C. Summary Opinion 2006-148


UNITED STATES TAX COURT


HELENA ANNE PHILLIPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11285-05S.                Filed September 14, 2006.


Helena Anne Phillipson, pro se.

<u>Lauren B. Epstein</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.

This case involves petitioner's application under section 6015 for relief from joint and several liability.  Specifically, petitioner seeks a refund in accordance with respondent's determination that she is entitled to relief under section 6015(c) for taxable year 2001.

Some of the facts were stipulated.  Those facts, with the annexed exhibits, are so found and are made part hereof.  Petitioner's legal residence at the time the petition was filed was Dedham, Massachusetts.

There are no relevant disputed facts in this case.  On a joint Federal income tax return for the taxable year 2001, petitioner and her husband Douglas Phillipson failed to report $21,610 of nonemployee compensation earned by Mr. Phillipson and $22 of dividends received by petitioner.  On May 5, 2003, in accordance with the consent to assessment by petitioner and her husband, respondent assessed a deficiency of $6,066 plus an accuracy-related penalty under section 6662(a) of $1,213 for the unreported income for the year at issue.

Mr. Phillipson passed away on December 5, 2003.  Prior to his death, he and petitioner had entered into an installment agreement with the IRS for their 2001 tax liability.  On January 13, 2004, petitioner filed with the IRS a Form 8857, Request for Innocent Spouse Relief, seeking relief from the 2001 tax liability.  Petitioner continued to pay on the installment

agreement after her husband's death and after she submitted the Form 8857.  In a notice of determination issued on July 30, 2004, respondent granted petitioner full relief under section 6015(c) from the joint 2001 tax liability.  The notice also stated that refunds were not allowed with respect to relief granted under section 6015(c).  As of August 12, 2004, the balance due for the taxable year 2001 had been paid in full.

Petitioner filed a petition with this Court following the July 30, 2004, notice of determination.  She seeks a refund of the amounts paid pursuant to the installment agreement while respondent was considering her request for relief under section 6015.  Respondent contends that a refund is barred under section 6015(g)(3).

Section 6015, as amended, was enacted in 1998 to replace former section 6013(e).  Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201, 112 Stat. 685, 734.  Section 6015 provides relief from joint and several liability for certain taxpayers who file a joint Federal income tax return.  In general terms, there are three avenues of relief under section 6015:  section 6015(b) provides relief with respect to certain erroneous items on the return, section 6015(c) provides for a separation of liability for separated taxpayers, and section 6015(f) provides equitable relief for taxpayers who otherwise do not qualify for relief under either of the

aforementioned provisions. As a general rule, taxpayers who qualify for relief under section 6015(b) or (f), but not section 6015(c), are entitled to a refund or credit attributable to the application of section 6015. Sec. 6015(g)(1), (3). After a taxpayer requests relief under section 6015, the taxpayer may petition this Court for a review of the Commissioner's subsequent determination. Sec. 6015(e)(1)(A). This Court's jurisdiction in cases brought under section 6015(e)(1) encompasses a review of the Commissioner's determination with respect to relief afforded by section 6015(c). Fernandez v. Commissioner, 114 T.C. 324, 331 (2000). Thus, this Court has jurisdiction to review the Commissioner's determination that no refund is due to a taxpayer under section 6015(g)(3).

Section 6015(c) is the basis for the relief that was granted to petitioner. Section 6015(g) provides generally for the allowance of credits and refunds in certain situations where relief from joint liability is granted under section 6015. However, section 6015(g)(3) states that no refund or credit shall be allowed as a result of an election under subsection (c), and the relief to petitioner was granted under subsection (c). The record shows that petitioner was not entitled to relief under section 6015(b) because petitioner had constructive knowledge of

income that was reported on the 2001 joint return, nor was she entitled to any other relief except section 6015(c).[2]

Petitioner argues that she is entitled to a refund because a revenue agent represented to her that she would be entitled to a refund of all moneys paid on the deficiency, if she were granted relief from joint liability. Any advice or representation made to petitioner by an agent or representative of the IRS does not entitle petitioner to a credit or refund of taxes paid on the assessment if the relief was granted under section 6015(c). The law is well settled that the Commissioner is not estopped and is not bound by erroneous acts, representations, or omissions of his agents. Authoritative tax law is contained in statutes, regulations, and judicial decisions. Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972). Representations made by an agent do not carry the weight of law, and section 6015(g)(3) clearly provides that relief granted under section 6015(c) does not allow the taxpayer a refund or credit for payments made on the deficiency. Respondent, therefore, is sustained on this issue.

---

[2]Petitioner would be eligible for relief under sec. 6015(f) only if it were shown that, contrary to respondent's determination, petitioner is not entitled to relief under sec. 6015(c). Sec. 6015(f)(2).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.