T.C. Summary Opinion 2008-100

UNITED STATES TAX COURT

ROBIN HAYWOOD COURTNEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3121-05S.                    Filed August 12, 2008.

Robin Haywood Courtney, pro se.

<u>Marshall R. Jones</u>, for respondent.

WELLS, <u>Judge</u>:  The instant case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,

_____

[1]All section references are to the Internal Revenue Code, as
amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

and this opinion shall not be treated as precedent for any other case. In a stand-alone[2] petition filed pursuant to section 6015(e), petitioner seeks review of respondent's notice of determination denying her relief from joint and several liability for taxable years 1998, 1999, and 2000.

The issues we must decide are whether: (1) For the portion of the deficiency relating to certain rental property adjustments for petitioner's 1998 taxable year,[3] petitioner is entitled to relief pursuant to section 6015(b) or (c); (2) for petitioner's 1999 and 2000 taxable years, petitioner is entitled to relief pursuant to section 6015(b) or (c); and (3) for taxable years 1998, 1999, and 2000, respondent abused his discretion in denying relief to petitioner under section 6015(f).

---

[2]Sec. 6015(e) allows a spouse who has requested relief from joint and several liability on a joint return to petition the Commissioner's denial of relief or to petition the Commissioner's failure to make a timely determination. Such cases are referred to as "stand alone" cases, in that they are independent of any deficiency proceeding. Fernandez v. Commissioner, 114 T.C. 324, 329 (2000).

[3]The liabilities from which petitioner seeks relief pursuant to sec. 6015 were assessed for 1998 from a deficiency determined after an audit of petitioner's joint return for 1998, and for 1999 and 2000 from taxes shown due on petitioner's joint returns for those years but unpaid. For 1998 petitioner signed a waiver permitting the assessment of the deficiency. Respondent concedes that petitioner is entitled to relief from joint liability on her joint tax return for 1998, except for items relating to certain rental property described below.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this Summary Opinion by reference and are found as facts in the instant case.

At the time of filing the petition, petitioner resided in Mississippi.

Petitioner and her ex-husband (Mr. Courtney) were married for 14 years. They have three children. Their divorce was finalized on August 21, 2001. Petitioner and Mr. Courtney filed joint Forms 1040, U.S. Individual Income Tax Return, for taxable years 1998, 1999, and 2000. Petitioner signed a waiver permitting the assessment of the deficiency for 1998 and signed each joint return for 1998, 1999, and 2000. The unpaid balances with respect to their 1998, 1999 and 2000 income taxes were $7,501.51, $19,381.61 and $9,088.69, respectively.

During the years in issue petitioner occasionally worked part time at her children's school. Petitioner attends school full time at William Carey College. Petitioner managed the household accounts, and Mr. Courtney handled the family's taxes.

Mr. Courtney worked for Mitchell Sign Co. In part, Mitchell Sign Co. compensated Mr. Courtney with company stock. On May 8, 2001, Mr. Courtney's stock in Mitchell Sign Co. was liquidated

for $40,955.79. Subsequently, Mr. Courtney wrote a check for $39,489.41 to pay off a loan.

After being arrested for forging prescriptions for painkillers during September 2000, Mr. Courtney admitted to petitioner that he was addicted to prescription painkillers. Petitioner and Mr. Courtney divorced in August 2001. At the time of their divorce petitioner was aware that Mr. Courtney was recovering from his addiction and had not begun rehabilitation and thought him to be in an impaired state of mind.

In the divorce decree Mr. Courtney was obligated by their child custody and property settlement agreement to indemnify petitioner for joint and several liabilities at issue. During December 2003 petitioner received a notice from her bank that respondent had frozen her checking account because of the joint and several liabilities of which she seeks to be relieved in the instant proceeding.

Petitioner informed the Internal Revenue Service (IRS) Appeals officer that she did not think that Mr. Courtney would pay the joint and several liabilities in issue. Mr. Courtney neither coerced petitioner to sign the returns in issue nor forged petitioner's signatures to the returns; petitioner voluntarily signed the returns.

During 1998 petitioner and Mr. Courtney jointly rented the residence that had previously served as their home (rental

property). Petitioner and Mr. Courtney made repairs to the rental property. During an examination of petitioner and Mr. Courtney's 1998 joint return, adjustments were made with respect to the tax treatment of their rental property. Petitioner collected the rent checks from the tenants of the rental property and deposited them into petitioner and Mr. Courtney's joint bank account. No records were maintained for the rental property during 1998.

During 1998 petitioner and Mr. Courtney leased a residence which had been the couple's home and which they jointly owned. Currently, petitioner owns a home that is unencumbered by a mortgage and was appraised at approximately $185,000.

At the present time petitioner is not employed and uses funds from a student loan, child support payments, and a home equity loan to pay her bills.

On July 7, 2003, petitioner filed a timely Form 8857, Request for Innocent Spouse Relief, for the years in issue (request). Respondent denied her request.

On April 20, 2004, petitioner sent respondent Form 12509, Statement of Disagreement, in which she included the following as reasons for her appeal: Petitioner was unaware of Mr. Courtney's prescription painkiller addiction until the time of his arrest; during this time, Mr. Courtney informed petitioner that his company's accounting firm would handle their taxes, but, instead,

Mr. Courtney prepared them himself; and petitioner's impression was that Mr. Courtney was not in a proper state of mind to prepare their tax returns.  Mr. Courtney prepared the 1998 joint return, and an accounting firm prepared the 1999 and 2000 joint returns.

On November 18, 2004, respondent sent petitioner a notice of determination denying her request.  On February 17, 2005, petitioner filed a petition seeking review of respondent's determination.

## Discussion

Generally, spouses filing a joint return are jointly and severally liable for the accuracy of the return and for the full tax liability.  Sec. 6013(d)(3).  Section 6015(b), (c), and (f) provides exceptions to the general rule under certain circumstances.  Section 6015 applies to liabilities arising after July 22, 1998, and to liabilities arising on or before July 22, 1998, that remain unpaid as of that date.  See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201, 112 Stat. 734.

Except as otherwise provided in section 6015, the requesting spouse bears the burden of proof.  Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Section 6015(b) and (c) Relief for Rental Property Adjustments
for Taxable Year 1998

Respondent contends that petitioner is not entitled to relief under section 6015(b) or (c) for the portion of the 1998 deficiency remaining[4] because she had knowledge of the items giving rise to the understatement of tax.

As to section 6015(b), subsection (b)(1) requires the Commissioner to grant relief from joint liability if, inter alia, the requesting spouse establishes that, in signing the joint return, he or she did not know and had no reason to know that there was an understatement. Sec. 6015(b)(1)(C).

As to section 6015(c), subsection (c)(1) allows proportionate relief from joint and several liability by relieving the requesting spouse from liability for items giving rise to the deficiency that would have been allocable to the nonrequesting spouse had the spouses filed separate returns. Relief is not available if the Commissioner demonstrates that the requesting spouse had actual knowledge, at the time the return was signed, of any item giving rise to a deficiency (or portion thereof). Sec. 6015(c)(3)(C).

In the instant case, the record shows that petitioner participated in the management of the rental property and collected rent checks and deposited them into her and Mr.

---

[4]As noted above, respondent concedes that petitioner is entitled to relief of the 1998 liability, except that portion of the deficiency relating to the rental property adjustments.

Courtney's bank account. On the basis of the record in the instant case, we conclude that petitioner had actual knowledge of the item giving rise to the understatement of tax related to the rental property adjustments when she signed the 1998 return. Consequently, we hold that petitioner fails to satisfy the requirements of section 6015(b)(1)(C) for the portion of the deficiency relating to the rental property adjustments for taxable year 1998. Likewise, as to section 6015(c), we hold that petitioner is not entitled to relief on the portion of the deficiency relating to the rental property adjustments for taxable year 1998. See sec. 6015(c)(3)(C).

Section 6015(b) and (c) Relief for Taxable Years 1999 and 2000

Subsections (b) and (c) of section 6015 do not apply to taxable year 1999 or 2000 because there was neither an understatement nor a deficiency in either taxable year as defined by section 6015(b) and (c). The liabilities for taxable years 1999 and 2000 arose from unpaid taxes shown on the joint returns[5] for those years and assessed by respondent.

_____

[5]While petitioner contended at trial that she did not sign the joint returns, that contention is contradicted by the stipulated Form 8857, which includes petitioner's admission that she signed the returns. She also admitted at trial that her recollections could be erroneous. We also note that at trial petitioner admitted that, at the time she signed the returns, she had reason to know that the tax liabilities would not be paid.

Section 6015(f) Relief for Rental Property Adjustments for
Taxable Year 1998 and for Taxable Years 1999 and 2000

If relief is not available under section 6015(b) or (c), the requesting spouse may seek equitable relief under section 6015(f). Sec. 6015(f)(2); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000).

Pursuant to the discretionary authority granted in section 6015(f), the Commissioner has prescribed procedures, set forth in Rev. Proc. 2003-61, 2003-2 C.B. 296, for determining whether a spouse qualifies for equitable relief for joint and several liability. In order to qualify for relief under section 6015(f), the requesting spouse must satisfy certain threshold conditions listed in Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297. Petitioner satisfies those threshold conditions.[6]

Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, additionally provides that equitable relief will ordinarily be granted as to unpaid liabilities if each of three elements is satisfied. Those elements relate to: (1) Marital status, (2) knowledge or reason to know, and (3) economic hardship.

Because petitioner and Mr. Courtney were divorced at the time petitioner filed her request for relief, she meets the

---

[6]Rev. Proc. 2003-61, 2003-2 C.B. 296, supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, effective for requests for relief filed on or after Nov. 1, 2003, and for requests for relief pending on Nov. 1, 2003, for which no preliminary determination letter has been issued as of that date. Rev. Proc. 2003-61, secs. 6 and 7, 2003-2 C.B. at 299.

marital status criterion of Rev. Proc. 2003-61, sec. 4.02. Respondent contends that petitioner does not qualify for relief pursuant to the knowledge or reason to know and economic hardship criteria of Rev. Proc. 2003-61, sec. 4.02, for the following reasons: (1) At the time she signed the returns, petitioner knew or had reason to know that the taxes would not be paid, and (2) petitioner will not suffer economic hardship if relief is not granted.

We agree with respondent that petitioner knew or had reason to know when she signed the returns that the taxes would not be paid. Petitioner's signatures on the returns constitute constructive knowledge of the amounts shown on the returns as due. See Park v. Commissioner, 25 F.3d 1289, 1299 (5th Cir. 1994), affg. T.C. Memo. 1993-252; see also Hayman v. Commissioner, 992 F.2d 1256, 1262 (2d Cir. 1993), affg. T.C. Memo. 1992-228. Moreover, petitioner was aware of the reported tax liabilities when she signed the returns. As noted above, at trial petitioner admitted that at the time she signed the returns, she had reason to know that the tax liabilities would not be paid. Accordingly we hold that petitioner knew or should have known that the tax returns for 1998, 1999, and 2000 reported unpaid liabilities and that Mr. Courtney would not pay those liabilities.

We also agree with respondent that petitioner will not suffer economic hardship if relief is not granted.  The Commissioner is directed to base his determination of whether a requesting spouse will suffer economic hardship on rules similar to those provided in section 301.6343-1(b)(4), Proced. & Admin. Regs.  That regulation provides the following:

> (4) Economic hardship.-- (i) General rule.-- * * * This condition applies if satisfaction * * * will cause an individual taxpayer to be unable to pay his or her reasonable basic living expenses.  The determination of a reasonable amount for basic living expenses will be made by the director and will vary according to the unique circumstances of the individual taxpayer. Unique circumstances, however, do not include the maintenance of an affluent or luxurious standard of living.
>
> (ii) Information from taxpayer.--In determining a reasonable amount for basic living expenses the director will consider any information provided by the taxpayer including --
>
> (A) The taxpayer's age, employment status and history, ability to earn, number of dependents, and status as a dependent of someone else;
>
> (B) the amount reasonably necessary for food, clothing, housing (including utilities, home-owner insurance, home-owner dues, and the like), medical expenses (including health insurance), transportation, current tax payments (including federal, state, and local), alimony, child support, or other court-ordered payments, and expenses necessary to the taxpayer's production of income (such as dues for a trade union or professional organization, or child care payments which allow the taxpayer to be gainfully employed);
>
> (C) The cost of living in the geographic area in which the taxpayer resides;

(D) The amount of property exempt from levy which is available to pay the taxpayer's expense;

(E) Any extraordinary circumstances such as special education expenses, a medical catastrophe, or natural disaster; and

(F) Any other factor that the taxpayer claims bears on the economic hardship and brings to the attention of the director.

It is the taxpayer's burden to demonstrate that her expenses qualify as basic living expenses and that those expenses are reasonable. Monsour v. Commissioner, T.C. Memo. 2004-190.

Petitioner filed a joint tax return in 2003 with her current spouse on which they reported their adjusted gross income as $71,623. Petitioner estimated the amount of monthly household income at $5,083, which includes $1,733 in child support. Petitioner indicated that the child support may be reduced. Petitioner estimated the amount of monthly costs at $5,113. For 2003 petitioner's stated monthly expenses include the following:

### Monthly Expenses

| | |
|---|---|
| Mortgage payments | $1,070.67 |
| Food | 600.00 |
| Utilities | 297.30 |
| Telephone | 129.03 |
| Automobile insurance | 190.00 |
| Gasoline and oil changes | 400.00 |
| Medical | 521.47 |
| Life insurance | |
| Clothing | 300.00 |
| Childcare | |
| Subtotal | 3,508.47 |

<u>Other Expenses</u>

| | |
|---|---:|
| Credit card/installment payments | $500.00 |
| Cable/internet | 95.00 |
| Cell phones | 194.52 |
| Personal care | 145.69 |
| School expenses | 121.19 |
| Extra curricular activities | 40.00 |
| Charitable contributions | 508.33 |
| Subtotal | 1,604.73 |
| Total | $5,113.20 |

Respondent asserts that of these expenses $3,815 accounts for reasonable basic living expenses and petitioner would not suffer economic hardship to satisfy the liabilities.

Respondent contends that petitioner does not satisfy the economic hardship factor because the balances due on petitioner's tax liabilities are less than the equity in her house and because petitioner's divorce agreement provides her with recourse against Mr. Courtney for any joint liability collected from her.

Currently, petitioner is attending school full time. The stocks that Mr. Courtney acquired while at Mitchell Sign Co. were soon after liquidated and used by Mr. Courtney to pay off a loan. As last appraised before trial, petitioner's unencumbered home is worth approximately $185,000. At trial petitioner conceded that the home is in a very nice area, that she is in the process of getting ready to sell her home, and that selling the home would free up money with which to pay bills.

We conclude that satisfaction of the tax liabilities in issue will not cause petitioner to be unable to pay reasonable

basic living expenses.  Although petitioner is not currently employed, petitioner admitted at trial that there is sufficient equity in her home to satisfy the liabilities.  Thus, we conclude that petitioner would not suffer economic hardship if relief were not granted.

We conclude that petitioner does not satisfy each of the three elements and, thus, does not qualify for relief pursuant to Rev. Proc. 2003-61, sec. 4.02.

Where the requesting spouse fails to qualify under Rev. Proc. 2003-61, sec. 4.02, then Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298-299, contains a nonexclusive list of factors, based on the facts and circumstances, that the Commissioner will take into account in determining whether to grant equitable relief.  Those factors are:  (1) Marital status; (2) economic hardship; (3) knowledge or reason to know that the nonrequesting spouse would not pay the liability; (4) nonrequesting spouse's legal obligation; (5) significant benefit; and (6) compliance with income tax laws.  Id. sec. 4.03(2)(a).

The first factor, the marital status factor, pertains to whether the couple is married, separated, or divorced.  See id. sec. 4.03(2)(a)(i).  Petitioner and Mr. Courtney were divorced August 21, 2001.  The marital status factor weighs in favor of granting relief.

The second factor, the economic hardship factor, pertains to whether the requesting spouse will suffer economic hardship if relief from joint and several liability is not granted.  See id. sec. 4.03(2)(a)(ii).  The economic hardship test under this section is the same test as that under Rev. Proc. 2003-61, sec. 4.02(1)(c).  As stated above, we have concluded that petitioner will not suffer economic hardship if relief is not granted.  The economic hardship factor weighs against granting relief.

The third factor, knowledge or reason to know, is whether at the time petitioner signed the returns she had knowledge or reason to know that the tax liabilities reported on the returns would not be paid.  See id. sec. 4.03(2)(a)(iii).  The knowledge or reason to know test under this section is the same test as that under Rev. Proc. 2003-61, sec. 4.02(1)(b).  As stated above, we have concluded that petitioner knew and had reason to know that the liabilities in issue might not be paid.  The knowledge or reason to know factor weighs against granting relief.

The fourth factor is the nonrequesting spouse's legal obligation to pay pursuant to a divorce decree or agreement.  See id. sec. 4.03(2)(a)(iv).  Petitioner and Mr. Courtney's agreement contained in their divorce decree requires Mr. Courtney to indemnify petitioner for the joint and several liabilities in issue in the instant case.  The legal obligation factor weighs in favor of granting relief.

The fifth factor, significant benefit, relates to whether the nonrequesting spouse significantly benefits from the unpaid tax liability. See id. sec. 4.03(2)(a)(v). Respondent concedes that petitioner did not significantly benefit from the unpaid liability, and the record does not indicate otherwise. Thus, petitioner did not benefit significantly from the couple's failure to pay the income tax liabilities for the years in issue, and this factor weighs in favor of granting relief.

The sixth factor, compliance with income tax laws, relates to whether the requesting spouse has made a good faith effort to comply with income tax laws in the taxable years after the tax years in issue. See Rev. Proc. 2003-61, sec. 4.03(2)(a)(vi). Respondent concedes petitioner's compliance in filing subsequent tax returns, which weighs in favor of granting relief.

In addition, Rev. Proc. 2003-61, sec. 4.03(2)(b), 2003-2 C.B. at 299, lists two positive factors that the Commissioner will consider in favor of granting equitable relief if present. Those factors are: (1) Whether the nonrequesting spouse abused the requesting spouse (the abuse factor); and (2) whether the requesting spouse was in poor mental or physical health when signing the return or requesting relief (the mental or physical health factor).

As to the abuse factor, Mr. Courtney did not abuse petitioner. As to the mental or physical health factor,

petitioner did not assert or demonstrate that she was in poor mental or physical health when requesting relief or signing the return.  Therefore, these factors are inapplicable.

In sum, on the basis of our examination of the entire record before us, we conclude that petitioner has failed to carry her burden of showing that she is entitled to relief under section 6015(f) with respect to the portion of the liability relating to the rental property adjustments for taxable year 1998 or for the liabilities for 1999 and 2000.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we conclude that they are without merit, irrelevant, or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.